JUSTO PASTOR LOZADA, demandante y recurrido, *v.* CÉSAR S. CANALS, demandado y recurrente.

Número: R-73-314          Resuelto: 4 de febrero de 1974

924

*América Lameiro de Irizarry, José M. Pizarro Zayas, Ángel G. Canales Robledo, Carmen J. Febres Claudio, Jaime A. Betancourt Lebrón, Fidel A. Sevillano del Río y Marina Soto de Carrión,* abogados del recurrente; *Lorenzo O. Cabán Arocho,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

En 26 de abril de 1972, el entonces Director Ejecutivo de la Autoridad de los Puertos de Puerto Rico, César S. Canals, despidió de su empleo, efectivo a 31 de mayo de aquel año, a Justo Pastor Lozada, el aquí demandante recurrido. Al momento de su despido el recurrido ocupaba un puesto de supervisor en dicha Autoridad.

El recurrido presentó demanda, que tituló de *mandamus,* en el Tribunal Superior en la cual solicitó que el tribunal declarase ilegal su despido y que ordenase que se le repusiese en su puesto. En ese sentido resolvió el Tribunal Superior.

En 5 de diciembre de 1973, examinados los autos, incluyendo la demanda y la contestación a ésta, la opinión y sentencia del tribunal recurrido, la solicitud de revisión y el memorando presentado en su apoyo, los reglamentos y la ley de la Autoridad de los Puertos y el memorando en oposición a la solicitud de revisión presentado por el recurrido, expedimos una Orden Para Mostrar Causa en la cual, luego de señalar las disposiciones pertinentes de ley y del reglamento

de la Autoridad de los Puertos, le concedimos al recurrido un término de 15 días para que mostrase causas, si las hubiere, por las cuales no debía revocarse la sentencia dictada en este caso por el Tribunal Superior. Concedimos igual término al recurrente para presentar cualquier escrito adicional que desease presentar.

Pasado el término expresado en la anterior Orden, el recurrido no compareció a mostrar causa. El recurrente compareció presentando un memorando de autoridades ampliando su memorando anterior en apoyo de la solicitud de revisión.

De los propios términos de nuestra Orden Para Mostrar Causa podía colegirse que el recurrido no tiene razón. Cree él que tenía derecho a notificación y audiencia antes de ser despedido. En el mismo error incurrió el tribunal de instancia. Se cita a *López, Alcalde* v. *Tribunal Superior*, 90 D.P.R. 304 (1964). Dicho caso no es aplicable a las circunstancias presentes. Allí el funcionario destituido sin previa audiencia tenía por mandato expreso *de ley un término fijo de incumbencia* de cuatro años. Resolvimos en aquel caso que para separarlo de su cargo antes de que hubiese expirado dicho término era necesario formularle cargos y celebrarle vista. La separación debía ser por justa causa. Las leyes normalmente disponen término fijo de incumbencia por determinado número de años en los casos de funcionarios que tienen deberes cuasi judiciales, como por ejemplo, los miembros de la Junta de Relaciones del Trabajo, los de la Junta de Personal y los de la Junta de Libertad Bajo Palabra, pues así se les asegura su independencia de criterio.

En otras palabras, para que el funcionario o empleado tenga derecho a notificación y vista y a ser destituido por justa causa tienen que concurrir alguna de las siguientes circunstancias: que la ley que rige su cargo o empleo así lo establezca expresamente, o que la ley establezca para su cargo o empleo un término fijo de incumbencia, o, que sin establecerlo, la ley exija causa o justa causa para su remoción.

También, si a un organismo público lo rigen reglamentos que exijan la notificación y vista y justa causa para separar empleados y funcionarios de sus cargos, entonces también dicho organismo viene obligado a cumplir con dichos reglamentos, si estos son válidos en ley.

■ La situación del caso de autos es distinta a la del de *López, Alcalde* v. *Tribunal Superior*, supra. En ningún momento nos ha demostrado el recurrido que su cargo tenía por ley, o por reglamento válido, un término fijo de duración, ni que para ser despedido la ley o los reglamentos requiriesen justa causa.

■ Parece conveniente que para beneficio de nuestro tribunal de primera instancia, que tiene que pasar frecuentemente sobre estos asuntos, expresemos lo que sigue.

En ausencia de ley específica posterior al 12 de mayo de 1947, fecha de aprobación de la Ley de Personal de Puerto Rico, para cualquier departamento, oficina u organismo público del Gobierno de Puerto Rico la ley rectora sobre asuntos de personal es la Ley de Personal de Puerto Rico, Ley Núm. 345 de 12 de mayo de 1947, según enmendada, 3 L.P.R.A. secs. 641 y ss. Nuestra Ley de Personal, un logro legislativo-ejecutivo de primer orden, que culminó un proceso de 40 años de aprendizaje en Puerto Rico, estableció el Servicio Estadual e incluyó en él todos aquellos cargos y puestos del Estado Libre Asociado y lo dividió en los siguientes tres grupos o divisiones: (1) Servicio Exento, (2) Servicio sin Oposición y (3) Servicio por Oposición.([1]) 3 L.P.R.A. sec. 642 (4).

---

([1]) Para un recuento histórico del desarrollo de nuestra legislación de servicio civil, véase Irma García de Serrano, *La Selección de Personal en el Servicio Público de Puerto Rico*, editorial Universidad de Puerto Rico (1969), págs. 5 y ss. De la misma autora *"El Desarrollo del Servicio Público en Puerto Rico,"* en III Revista de Administración Pública, de la Escuela de Administración Pública de la Universidad de Puerto Rico, pág. 19 (1966). En términos generales, véase Wells, *La Modernización de Puerto Rico* (1972), págs. 199 y ss. Versión inglesa: *The Modernization of Puerto Rico*, Harvard Univ. Press (1969), págs. 193 y ss. Para una excelente discusión sobre el sistema de mérito para el servicio público, véase Muñoz

Excepto que por ley, o por reglamentos autorizados por ley, se especifique otra cosa, la situación sobre nombramientos y despidos en esos tres servicios es la siguiente. Como indica su nombre, el *Servicio Exento* está exento de la reglamentación de la ley y de sus reglamentos. En dicho Servicio la autoridad nominadora tiene completa libertad para nombrar y despedir personal. Puede nombrar sin sujeción a exámenes previos, a ternas o a requisito alguno y también puede despedir en el momento que crea que deba hacerlo, sin sujeción a formulación de cargos, a notificación previa, a vista y a consideraciones de justa causa. La misma libertad que tiene para nombrar la tiene para despedir. (²)

En el *Servicio sin Oposición* la autoridad nominadora tiene considerable libertad para escoger y nombrar, excepto que (1) el candidato escogido tiene que llenar los requisitos del cargo o puesto de que se trate, cuyos requisitos están especificados en el Plan de Clasificación de la Oficina de Personal y (2) el sueldo de la plaza está prefijado en la escala de retribución del Gobierno. En otras palabras, en este Servicio los puestos están clasificados y también están reglamentados los sueldos. No así en el Servicio Exento.

En los servicios *Sin Oposición* y *Por Oposición* los puestos o cargos están clasificados, esto es, están descritos conforme a sus funciones y deberes, en un Plan de Clasificación de puestos. Paralelamente, dichas plazas están incluidas en un Plan de Retribución y sus correspondientes sueldos están allí especificados. Por estar así clasificados, es que los servicios Sin Oposición y Por Oposición se conocen también como el servicio clasificado. Anteriormente se le llamaba servicio civil o servicio civil clasificado. "Servicio civil" por ser

---

Amato, *Introducción a la Administración Pública*, Tomo II, págs. 88 y ss. (1957). En una ocasión futura esperamos volver sobre este tema con más detenimiento, pero ahora debemos proseguir con el caso de autos.

(²) En los organismos públicos que están en el Servicio Exento y para los cuales la ley permite negociación colectiva, generalmente se provee algo en el convenio colectivo sobre esto.

servicio gubernamental o público, pero no militar, y "clasificado" por estar clasificado, como hemos dicho.

■ En el *Servicio por Oposición* la libertad de nombrar de la autoridad nominadora está limitada. Debe nombrar de una lista de cinco personas, llamada "quinta," de candidatos elegibles para el puesto, lista que a su petición le certificará el Director de Personal. Los sueldos y los puestos en el Servicio por Oposición están clasificados. Esto opera de la siguiente forma: Los candidatos que eventualmente serán incluidos en las quintas han competido previamente y se clasifican por orden de notas. Estos candidatos se incluyen por la Oficina de Personal en el registro de elegibles para los distintos puestos de que se trate. Cuando una autoridad nominadora solicita una quinta de la Oficina de Personal para hacer un nombramiento, la Oficina de Personal certifica los candidatos que estén en turno de certificación. A la vez, la Oficina de Personal le notifica a cada uno de los cinco candidatos incluidos en la quinta que están siendo certificados para el puesto en cuestión. De esa manera la Oficina de Personal le garantiza a los candidatos que han competido y que han sido certificados un juego limpio.

■ También está limitada la libertad de despedir de la autoridad nominadora en el Servicio por Oposición, pues sólo podrán ser destituidos los funcionarios y empleados regulares comprendidos en dicho Servicio por justa causa y previa formulación de cargos. La Ley de Personal dispone el procedimiento para ello. 3 L.P.R.A. sec. 671.

Cada uno de dichos tres servicios—el Servicio Exento, el Servicio sin Oposición y el Servicio por Oposición—tiene sus ventajas y sus desventajas. El funcionario o empleado que entra en ellos los acepta con las ventajas y las desventajas que cada uno conlleva. Por ejemplo, el *Servicio Exento* tiene la ventaja para el incumbente que no tiene que aprobar exámenes previos, no tiene que ser certificado por el Director de

Personal, su sueldo no está limitado por los planes de retribución y toma vacaciones cuando las solicita y su superior se las aprueba.

Algunos de estos cargos del Servicio Exento también conllevan otros atractivos y a la vez conllevan otros riesgos. Por ejemplo, los jefes de departamentos, los jefes de algunas oficinas exentas, y los ayudantes y asesores del Gobernador son personas generalmente comprendidas dentro del Servicio Exento. Sus cargos generalmente están bien remunerados y los incumbentes tienen la satisfacción íntima de participar en la formulación y en la ejecución de la política pública del Gobierno. En estos cargos la vida oficial del incumbente es sumamente interesante, recibe grandes satisfacciones espirituales, pero también es peligrosa pues se le puede pedir la renuncia para ser efectiva en el acto y sin necesidad de explicarla.

■ De manera que no hay nada ilegal cuando una autoridad nominadora ejerce, dentro de sus facultades de ley su autoridad en el despido de un funcionario o empleado comprendido en el Servicio Exento. Esa es la situación de ley en ese Servicio. La misma situación se da en cuanto a despidos en el Servicio sin Oposición.

Es en el Servicio por Oposición, como dijimos, que la ley exige justa causa y formulación de cargos en cuanto a los empleados regulares comprendidos en dicho servicio. De manera que en el Servicio por Oposición existe la ventaja de la seguridad en el empleo, excepto si el empleado incurre en conducta que constituya justa causa para su despido, pero, por otro lado, su cargo y su salario están clasificados.

La Ley de Personal, en su Sec. 8(a), 3 L.P.R.A. sec. 648(a), dispone taxativamente los cargos que están en el Servicio Exento. Dicha disposición contiene 40 apartados de manera que sería prolijo copiarla aquí. Basta con decir que están exentos los jefes de departamentos y de las corporaciones públicas y los funcionarios y empleados de la Asamblea

Legislativa. El propósito de eximir de la reglamentación de la Ley de Personal y sus reglamentos a las corporaciones públicas fue el de capacitar a dichas corporaciones y organismos para actuar con la flexibilidad y rapidez que sus obligaciones y necesidades requieren, debido a la naturaleza de su trabajo.

En su interés de extender el sistema de mérito que informa la Ley de Personal a todos aquellos organismos públicos o parte de ellos, en que dicho sistema pueda operar en beneficio del interés público, la Ley de Personal permite que cualquier agencia, corporación pública o subdivisión política comprendida en el Servicio Exento pueda, a solicitud propia y con la aprobación del Director de Personal, ser incluida en el Servicio por Oposición o en el Servicio sin Oposición, según fuere el caso. También la ley permite que, con la aprobación del Director de Personal, cualquier autoridad nominadora pueda utilizar los servicios de la Oficina de Personal para la formulación de planes de clasificación y de remuneración y para el reclutamiento y demás servicios de personal para su respectiva oficina. ([3]) Como puede verse, esas disposiciones no son obligatorias. Permiten a dichos organismos públicos a incorporarse, en la medida en que lo pacten, al sistema de mérito o a utilizar el asesoramiento de la Oficina de Personal del Gobierno de Puerto Rico.

Explicada ya en términos generales la situación de los tres grupos o servicios en los cuales están divididos los puestos o cargos del Gobierno de Puerto Rico, corresponde ahora que examinemos la situación de la Autoridad de los Puertos.

La Ley de Personal expresamente sitúa a "Todos los funcionarios y empleados de la Autoridad de Transporte de Puerto Rico" en el Servicio Exento. 3 L.P.R.A. sec. 648 (a) (5). Donde dicha ley dice "Autoridad de Transporte" debe

---

([3]) La disposición de ley antes mencionada no la hemos copiado *verbatim;* su texto exacto se encuentra en la sec. 8(e) de la Ley de Personal, 3 L.P.R.A. sec. 648(e).

entenderse Autoridad de los Puertos, pues ese es el nuevo nombre de dicho organismo. La Autoridad de los Puertos es a todos los efectos la sucesora de la primera. Ley Núm. 17 de 19 abril 1955, 23 L.P.R.A. sec. 333.

La Ley de la Autoridad de los Puertos, Ley Núm. 125 de 7 mayo 1942, según enmendada, 23 L.P.R.A. secs. 331 y ss., dispone, entre otras cosas, que los nombramientos y ceses de los funcionarios y empleados de la Autoridad se harán conforme a las normas y reglamentos que prescribe el Administrador de Fomento Económico en consulta con la Oficina de Personal de Puerto Rico, "conducente" dicha consulta a un plan general análogo al de la Oficina de Personal del Gobierno de Puerto Rico, "en tanto" el Administrador de Fomento Económico lo estime compatible con los intereses de la Autoridad de los Puertos, los de los empleados y los del servicio público. ([4])

Como puede verse, la ley dispone que el Administrador de Fomento Económico prescriba las normas y reglamentos sobre la administración de personal de la Autoridad. Eso es mandatorio. Además, la ley da la directriz en el sentido de que dichas normas y reglamentos "conducirán" a un plan general "análogo" (no exacto) de administración de personal al que existe para el Gobierno de Puerto Rico; esto es, el que administra la Oficina de Personal del Gobierno de Puerto Rico. Esto último es directivo, es exhortativo. Puede apreciarse que la Asamblea Legislativa deseaba respaldar y fomentar una administración de personal ordenada y científica, pero a la vez no quiso imponerle obligatoriamente a la Autoridad de los Puertos la letra de la ley y de los reglamentos de la Oficina de Personal del Gobierno, en atención a la antes mencionada necesidad de

([4]) Hace esta referencia al Administrador de Fomento Económico la ley porque mediante el Plan de Reorganización Núm. 10, sometido a la Asamblea Legislativa por el Gobernador en 17 febrero 1950 y el cual entró en vigor el 1ro. de julio de 1950, dicho Administrador sustituyó a la Junta de Directores de la Autoridad de Transporte y tiene las funciones que antes tenía dicha Junta.

dicha Autoridad de operar con la flexibilidad y rapidez que sus responsabilidades requieren.

Así por ejemplo, el legislador dispuso expresamente que las disposiciones de la Ley de la Administración de Fomento Económico relativas a personal, presupuesto, equipo, desembolso de fondos, depósito de fondos y sistema de contabilidad no son aplicables a la Autoridad de los Puertos. 23 L.P.R.A. sec. 241.

■ Las normas y reglamentos de la Autoridad de los Puertos sobre las antes mencionadas materias están comprendidas en una serie de resoluciones y órdenes dictadas por el Administrador de Fomento Económico, conforme a la antes mencionada disposición de ley sobre el particular. La Resolución Núm. 842 aprobada por el Administrador de Fomento Económico en 28 de mayo de 1968 contiene el Reglamento Revisado de dicha Autoridad. Dicho Reglamento dispone que el Director Ejecutivo será nombrado por el Administrador de Fomento Económico; que dicho Director Ejecutivo será el jefe de la Autoridad; que tendrá la responsabilidad de la dirección de la misma y que es responsable del trabajo de sus diversas divisiones y oficinas. Dispone también dicho Reglamento que el Director Ejecutivo nombrará y despedirá a los funcionarios y empleados de la Autoridad. La Autoridad tiene un Plan de Clasificación de puestos y un Plan de Retribución. Como señalamos antes, ni hemos encontrado nosotros ni el recurrido nos lo ha demostrado, que la ley o los reglamentos de la Autoridad de los Puertos exija justa causa para su remoción del puesto de supervisor que ocupaba. Estando el puesto del recurrido en el Servicio Exento por disposición expresa de la Ley de Personal, y no existiendo disposición en la Ley de la Autoridad de los Puertos ni en sus reglamentos que exijan lo contrario, la remoción del recurrido de su puesto podía hacerse como se hizo, mediante carta y sin necesidad de formularle cargos.

■ Los despidos sumarios que se hacen a funcionarios y empleados comprendidos en el Servicio Exento y en el Servicio sin Oposición, sin que medie formulación y prueba de cargos, no incapacitan para ocupar cargos o empleos públicos. En esos dos servicios la facultad de despedir reside en la autoridad nominadora y puede ejercerse con o sin explicaciones. Los puestos y cargos en el Servicio Exento y en el Servicio sin Oposición son de libre despido porque son de confianza o porque son de tipo normativo. Sec. 8(b)(2) de la Ley de Personal, 3 L.P.R.A. sec. 648(b)(2); *Arcelay Rivera* v. *Superintendente Policía*, 95 D.P.R. 211, 218 (1967). Por esa misma razón su destitución sumaria no conlleva mancha alguna ni incapacita para ocupar puesto o cargo público, no importa si en la carta de despido se explica o no el mismo. Distinta es la situación en los casos en que se formulan y se prueban cargos. Lo dicho en sentido contrario sobre este particular en *Arcelay Rivera* v. *Superintendente*, supra, se deja sin efecto.

En vista de nuestra antes mencionada Orden Para Mostrar Causa y de las consideraciones anteriores, *se expide el auto solicitado y se revocará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 2 de octubre de 1973.*

El Señor Juez Presidente concurre en el resultado.