Joaquin **HERNANDEZ DEL VALLE,** Plaintiff,

v.

Jesus **SANTA APONTE,** in his official capacity as Mayor of the city of San Lorenzo and also in his own personal, individual capacity, Defendant.

Civ. No. 75–1016.

United States District Court,
D. Puerto Rico.

March 16, 1977.

---

José R. Pérez Hernández, Alfonso M. Christian, San Juan, P. R., for plaintiff.

Mario L. Paniagua, Asst. Sol. Gen., San Juan, P. R., for defendant.

## MEMORANDUM OPINION, FINDINGS AND ORDER

PESQUERA, District Judge.

Plaintiff filed the instant complaint invoking jurisdiction under 42 U.S.C.A. §§ 1983, 1985 and 28 U.S.C.A. § 1343. It is alleged that defendant José Santa Aponte, Mayor of the Municipality of San Lorenzo, summarily and arbitrarily dismissed plaintiff from his permanent position in the Municipal Civil Service of said city, thus violating plaintiff's rights under the First and Fourteenth Amendments to the Constitution of the United States. Plaintiff further alleges that such dismissal was politically motivated, and a result of a conspiracy between defendant and employees of the municipal administration of San Lorenzo to deprive him of his constitutional rights.

Defendant answered the complaint and alleged that the present action was time-barred, and that plaintiff had not stated a right to relief under Section 1983 or 1985. A consolidated hearing for preliminary and permanent injunction and damages was subsequently held; after testimony was heard and extensive documentary evidence presented, defendant moved for dismissal based on the special defenses adduced in the answer to the complaint. The matter was then taken under advisement.

At the outset, we must determine whether plaintiff's action is barred by the applicable statute of limitations. On various occasions this Court has decided that in actions such as the present one, the relevant period of limitations is that applicable to tort actions pursuant to 31 LPRA 5298. *Morales Morales v. Vega López*, Civ. No. 75–252 (DCPR); *Rivera-Quiñones v. Alicea Rodríguez*, Civ. No. 75–65 (DCPR).

In order to determine whether the aforementioned period has in fact elapsed, we must initially ascertain whether the same has been interrupted. The evidence presents us with the following chronology of events:

August 15, 1973—Defendant's letter dismissing plaintiff from his employment.

August 27, 1973—Defendant received letter dated August 23, 1973 from José Ramón Hernández, plaintiff's attorney, wherein plaintiff's reinstatement was requested and the legality of his dismissal challenged.

October 12, 1973—A letter, similar to the hereinabove described again requested that plaintiff be reinstated.

Sept. 17, 1974—Plaintiff filed an action for a writ of mandamus before the Superior Court of Puerto Rico, which was dismissed on July 12, 1975 upon plaintiff's motion for voluntary dismissal.

Sept. 5, 1975—The present action was filed.

Since plaintiff's dismissal was effective on August 15, 1973, he had only until August 15, 1974 to file the present action unless the period of limitations was interrupted. Section 5303 of Title 31 LPRA provides that "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by an act of acknowledgment of the debt by the debtor". The Supreme Court of Puerto Rico has held that the plaintiff in a suit for damages is the creditor of the defendant. See *Rosario Crespo v. WRA*, 94 PRR 799 and that a non-judicial claim, including a letter, interrupts the period within which an action must be filed. See *Ortiz v. McCormick Steamship Co.*, 57 DPR 560; *Rosario Crespo v. WRA, supra; Bedard v. Consolidated Mutual Insurance Company*, 313 F.Supp. 1020 (DCPR 1970).

■ The letters addressed by plaintiff's attorney to defendant interrupted the period of limitations; said letters classified plaintiff's dismissal as illegal and requested his reinstatement. The fact that money damages were not sought in the aforementioned letters is irrelevant. See *Rosario Crespo v. WRA, supra.*

Of the above mentioned letters, the latter one was dated October 12, 1973, well within the one-year period. From that date a new period began to run, extending the permissible filing time for the civil rights action until October 1974.

■ On September 17, 1974 plaintiff filed an action for a writ of mandamus in the Superior Court of Puerto Rico, attacking the validity of his dismissal and requesting reinstatement. This action was dismissed on July 12, 1975 upon plaintiff's motion for voluntary dismissal.

A situation identical to the present one has been recently dealt with by this Court in *Ramírez de Arellano v. Alvarez de Choudens*, Civ. No. 74–1255, decided on March 10, 1977.

We held therein that the period of limitations of a Section 1983 action was interrupted by the filing of a mandamus in the local courts, which filing constituted a diligent pursuance of the same claim and rights eventually sought under the Civil Rights Act. The same holding is applicable herein; accordingly, we hold that the present action has been timely filed.

In view of the above, and having examined the testimonial and documentary evidence and carefully studied the post-trial memoranda of law submitted by both parties, this Court makes the following

### Findings of Fact

1. Plaintiff was a permanent employee of the Municipality of San Lorenzo and an ambulance driver for the Health Center of said municipality.

2. Defendant Jesús Santa Aponte, Mayor of the aforementioned municipality, summarily dismissed plaintiff from his position by a letter dated August 15, 1973.

3. At no time prior to the dismissal was plaintiff notified that he would be discharged nor was he theretofore granted a hearing.

4. Plaintiff was not afforded a hearing after being dismissed from his job.

5. In the aforementioned letter of dismissal, defendant expressed that the reasons for the termination of plaintiff's employment were that he did not meet the health requirements necessary to continue

performing his work as ambulance driver for the San Lorenzo Health Center.

6. Such conclusions were arrived at by defendant after receiving a copy of a medical report sent to him by the Veterans Administration at plaintiff's request.

7. Plaintiff had been previously suspended from his job by defendant for failure to produce the aforementioned documents.

8. Plaintiff earned the sum of $140.35 on a bi-weekly basis while he was working for the municipality.

9. After dismissal, and up to the hearing held on October 31, 1975, plaintiff earned approximately $50.00 a week from the use of his car.

In view of the foregoing Findings of Fact, this Court makes the following

### Conclusions of Law

This Court has jurisdiction to entertain the present action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

Plaintiff bases his claim on 42 U.S.C. §§ 1983 and 1985. We will initially address ourselves to the allegations of conspiracy under Section 1985.

With near unanimity federal courts have rejected complaints containing conclusory allegations of deprivation of constitutional rights under 42 U.S.C. § 1985. *Robinson v. McCorkle*, 3 Cir., 462 F.2d 111. It has been alleged herein that the termination of plaintiff's employment was the result of a conspiracy between defendant Santa Aponte and "employees of the Municipal Administration of San Lorenzo".[1]

In actions under 42 U.S.C. § 1985(3), plaintiff must plead and prove the existence of a conspiracy which injures or deprives the plaintiff of "equal protection of the laws, or of equal privileges and immunities under the laws". There must be a showing of an "invidiously discriminatory animus"

behind the conspirators' actions. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1990, 29 L.Ed.2d 338, *Harrison v. Brooks*, 2 Cir., 519 F.2d 1358. Furthermore, courts generally require allegation and proof of an overt act in furtherance of the conspiracy.[2]

We are of the opinion that plaintiff has failed to prove the aforementioned requirements of Section 1985(3). It thus appearing that the evidence presented in the instant case did not establish a conspiracy designed to deprive plaintiff of equal protection or privileges and immunities under the laws, we hereby dismiss plaintiff's cause of action under 42 U.S.C. § 1985.

We must now determine the merits of plaintiff's claim under Section 1983 of Title 42 U.S.C.

An officer or employee of a state or territory or one of the political subdivisions thereof will be deemed to be acting under color of law as to those deprivations of rights committed in the fulfillment of obligations assigned to him. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 4 L.Ed.2d 492. There is no doubt, as shown in the record, that plaintiff's dismissal was effectuated by defendant under color of law, that is Act No. 142 of July 21, 1960, 21 LPRA 1101 et seq. (the Law of Municipalities). Pursuant to the above mentioned law, the mayor is the only empowered officer for purposes of appointments and dismissals in the municipal civil service. See 21 LPRA 1254(1), 1553.

In considering the merits of plaintiff's procedural due process arguments, we must additionally determine whether the interests assertedly affected herein fall within the conceptual realm of "property" or "liberty" and are thus entitled to procedural protection. *Board of Regents v. Roth*, 408 U.S. 564, 571, 92 S.Ct. 2701, 33 L.Ed.2d 548; *Perry v. Sindermann*, 408 U.S. 593, 599–603, 92 S.Ct. 2694, 33 L.Ed.2d 570; *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33

---

1. See pleading No. 5 in the complaint.

These alleged conspirators have not been included as codefendants in the present action, nor have they been properly identified.

2. See Antieau, *Federal Civil Rights Acts*, Section 105, p. 141, Lawyers Coop. Pub., San Francisco (1971) and cases cited thereunder.

L.Ed.2d 484; Cf. *Marín v. University of Puerto Rico (Marín II)*, 346 F.Supp. 470 (DCPR).

■ While there is no constitutional right to public employment as such, *Board of Regents v. Roth, supra*, a property interest protectable under the Fourteenth Amendment can be created by a specific statutory or contractual entitlement, by implied contract, or by the "common law of a particular industry or a particular plant". *Perry v. Sindermann, supra*, 408 U.S. at 601–602, 92 S.Ct. 2694 quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 579, 80 S.Ct. 1347, 1351, 4 L.Ed.2d 1409.

It appears from the evidence submitted in this case that plaintiff's position was classified as "permanent"[3] within the competitive service system of the Commonwealth of Puerto Rico. See *Pastor Lozada v. Director Ejecutivo*, 101 DPR 923. Such classification and permanency constitute a sufficiently consolidated statutory right to warrant federal procedural safeguarding. See *Pastor Lozada, supra; Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90; *León Salas de Vila v. Burgos*, Civ. No. 74–1078 (DCPR) opinion entered November 18, 1974. Moreover, the pertinent sections of the Municipal Law which deal with matters of appointments and dismissals elucidate the procedural safeguards to which plaintiff was entitled. 21 LPRA 1553 is straightforward:

"Employees may be removed by the mayor, for just cause, upon preferment of charges and a hearing with ten (10) days' notice, said hearing to be held before a committee of three persons appointed by the mayor with the advise and consent of the municipal assembly. In said hearing the employee shall have the opportunity to defend himself from said charges and may be represented by counsel. The mayor may suspend from office and stop the salary of any municipal employee when preferring charges against him.

From the decision of the committee removing him an employee may, within fifteen (15) days following service of notice, appeal to the Superior Court for a judicial review on issues of law. The decision of said court shall be final and unappealable."

■ In the present case the provisions of the aforementioned section were violated in their entirety. Plaintiff was not afforded any type of advance notice or explanatory letter.[4] He was never afforded a hearing. The panel required by 21 LPRA 1553 was never convened, and plaintiff's only resource would forcibly lay in the courts.

We need not enter into a determination of whether the motives for plaintiff's dismissal (that is, that he was a schizophrenic) constituted a stigma that would affect his liberty interests. The due process aspect is clearly dispositive. Accordingly, we hereby conclude that defendant Jesús Santa Aponte violated plaintiff's constitutional right to the due process of law by discharging him from his permanent position in an unlawful manner.

■ After a careful examination of the record and the applicable law, we further determine that defendant Santa Aponte did not act in good faith while violating plaintiff's rights. Where "good faith" is a defense to a section 1983 action, it must embrace two elements that is subjective and objective good faith.[5] We find that the pellucid provisions of 21 LPRA 1553 cannot be reasonably construed to support actions such as effectuated by defendant in the present case.

■ In view of the foregoing, defendant Jesús Santa Aponte is hereby ORDERED to pay plaintiff the sum of $2,057.85 as back pay, plus the sum of $500.00 for general damages, including mental and emotional distress.

3. See plaintiff's exhibit 1.

4. See *Arnett v. Kennedy*, 416 U.S. 134, 168–69, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

5. *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214, Cf. also Antieau, *Federal Civil Rights Acts, supra*, Section 89.

In view of the fact that plaintiff testified that he was presently receiving 100% disability benefits from the Veterans Administration, he will not be reinstated to his previous position. Nevertheless, plaintiff is hereby informed that he may request a hearing from this Court within twenty (20) days from entry of this order if he wishes to offer evidence as to his present physical and mental condition and ability to discharge the duties of his previous position.

The Clerk of the Court shall enter judgment accordingly with costs in favor of the plaintiff including the sum of $500.00 as attorney's fees as the Court finds that the defendant has incurred in contumacy.