Dottin, Demandante y Apelante, *v.* Rigo & Co., Demandada y Apelada.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en causa sobre daños y perjuicios.

No. 1203.—Resuelto en abril 29, 1915.

Constitución de los Estados Unidos—Enmienda 14 de la Constitución.—La enmienda 14 de la Constitución de los Estados Unidos no crea nuevos privilegios o inmunidades de los ciudadanos, ni ningún nuevo derecho a la vida, la libertad o bienes de fortuna,· como tampoco ningún nuevo procedimiento legal; solamente garantiza derechos pre-existentes o aquellos que la ley nacional o del Estado pueda conferir después de su fecha.

Id.—Derechos de los Ciudadanos Entre sí.—La enmienda 14 no afecta a los derechos de los ciudadanos en lo que respecta a ellos entre sí, sino que es de aplicación solamente a la acción del Estado.

Café Restaurant—Derechos de sus Dueños—Limitaciones.—Los dueños de un café restaurant tienen el derecho de regular su administración en la forma que estimen más conveniente y beneficiosa a su intereses, sin más limitaciones que las establecidas en las leyes, por exigirlo así la naturaleza del derecho de propiedad según lo define el artículo 354 del Código Civil.

Id.—Derechos del Pueblo—Código Civil—Individuos de la Raza de Color.—Ni la ley definiendo los derechos del pueblo, aprobada en 27 de marzo de 1902, ni tampoco el Código Civil reformado, contienen precepto alguno que coarte, limite o restrinja al dueño de un café restaurant su facultad de admitir o nó en él a individuos de la raza de color.

Poder Judicial—Poder Legislativo.—El poder judicial no puede suplir la acción del poder legislativo imponiendo condiciones sobre las cuales este último se ha abstenido de legislar.

Obligaciones—Culpa o Negligencia—Indemnización.—Fúndanse las obligaciones derivadas de culpa o negligencia, en un principio indiscutible de justicia, según el que todo agravio, todo daño, o todo perjuicio que reciba

una persona en sus derechos, ya sea por acción, ya por omisión, crea una obligación jurídica de la que se deriva el derecho que tiene el agraviado de ser indemnizado y la obligación consiguiente por parte del agraviante; y comó ni el Código Civil ni ninguna otra ley vigente en Puerto Rico, reconoce el derecho de un individuo de color a entrar y ser servido en un café restaurant, falta lesión de ese derecho y por tanto base para la responsabilidad derivada de la culpa o negligencia a que se refiere el artículo 1803 del Código Civil.

DERECHOS NATURALES E INHERENTES AL HOMBRE—DERECHOS A LA VIDA, A LA LIBERTAD Y A LA PROPIEDAD.—El derecho a la vida, a la libertad y a la propiedad son por sí y sin necesidad de ley alguna derechos naturales, fundamentales e inherentes al hombre.

ID.—IGUALDAD DE RAZAS.—El derecho de igualdad de razas depende en general del estado social predominante y de la voluntad de los ciudadanos, y mientras por modo imperativo no se declare ese derecho por la ley, hay completa libertad de acción tanto en las relaciones sociales como en la esfera de los negocios.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Abogados de la apelada: *Sres. Bosch & Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En 16 de julio del año próximo pasado 1914, Eduardo H. F. Dottin presentó demanda ante la Corte de Distrito de San Juan, Sección 1ª., contra Rigo y Compañía en reclamación de daños y perjuicios, bajo las siguientes alegaciones:

(*a*) Que el demandante es abogado y notario, y la demandada una sociedad en comandita, ambos con domicilio en esta ciudad de San Juan y con capacidad para demandar y ser demandados.

(*b*) Que la demandada es dueña de un café restaurant y confitería nombrado ''La Mallorquina,'' sito en la calle de San Justo de esta capital, establecimiento público dedicado al suministro de alimentos al público, que actúa bajo licencia expedida por el Tesorero de Puerto Rico.

(*c*) Que en 23 de junio de 1914 guiado por el rótulo que ostenta el referido establecimiento, y siguiendo la costumbre que hacía tiempo tenía de frecuentarlo y de ser servido allí, el demandante, acompañado de otro caballero de color blanco, penetró en él y pidió refresco para él y su compañero.

(*d*) Que los empleados del establecimiento se negaron a despachar al demandante lo pedido, expresando que allí no se servía a las personas de color.

(*e*) Que el demandante y su compañero tuvieron que retirarse sin ser servidos, viéndose privados, por causa de la negativa de la demandada, del derecho que tenían al servicio solicitado, sin más razón que un prejuicio injusto e ilegal contra el color del demandante, quien ha sufrido por ello daños que estima en la suma de $6,000.

La demanda concluye con la súplica de que previos los trámites legales, se dicte sentencia condenando a la demandada a pagar al demandante la referida suma de $6,000 por vía de indemnización de los daños sufridos, más las costas, gastos y desembolsos originados en el pleito.

A la anterior demanda opuso la parte demandada como excepción previa la de que no aduce hechos suficientes para determinar una causa de acción, y esa excepción fué declarada con lugar, y sin lugar la demanda, por sentencia de 31 de agosto, 1914, sin especial condenación de costas.

Contra dicha sentencia interpuso el demandante recurso de apelación para ante esta Corte Suprema, sometido a nuestra consideración después de haber alegado ambas partes por escrito y oralmente cuanto han estimado conducente a la defensa de sus respectivas pretenciones.

Alega la parte apelante como motivos del recurso la prohibición contenida en la Enmienda Catorce de la Constitución de los Estados Unidos, la aplicación indebida por la corte inferior del artículo 354 del Código Civil Revisado y la falta de aplicación del artículo 1803 de dicho código.

La Enmienda XIV de la Constitución de los Estados Unidos, en su sección 1ª., que es la que puede ser atinente al caso, dice así:

"Sección 1.—Todas las personas nacidas o naturalizadas en los Estados Unidos, sujetas a su jurisdicción, son ciudadanos de los Estados Unidos y del Estado en que residen. Los Estados no podrán

dictar ni hacer cumplir ninguna ley que restrinja las prerogativas o inmunidades de los ciudadanos de los Estados Unidos; tampoco podrán privar a ninguna persona de la vida, la libertad o los bienes de fortuna, sin el debido procedimiento legal, ni negar a nadie en su jurisdicción·la igual protección de las leyes.''

Esa enmienda no es aplicable al presente caso, porque ella no crea ni confiere un derecho de la índole del que se trata, como lo revela su simple lectura.

Brannon en su obra ''The Fourteenth Amendment,'' página 15, se expresa en los siguientes términos:

''Resulta claramente del texto de la enmienda catorce que en ella se establece solamente una restricción a las facultades del Estado, con excepción de aquella parte en que en la misma se hace referencia a la ciudadanía. Dicha enmienda no crea o establece nada nuevo, sino la facultad conferida en ella al gobierno federal para restringir la acción del Estado. No crea nuevos privilegios o inmunidades de los ciudadanos, ni ningún nuevo derecho a la vida, la libertad o bienes de fortuna, como tampoco ningún nuevo procedimiento legal. Solamente *garantiza derechos preexistentes,* o aquellos que la ley nacional o del estado pueda conferir después de su fecha.''

Y en la página 395 dice así:

''La enmienda catorce nada establece o concede; únicamente protege los derechos existentes procedentes del Estado *que son retenidos con arreglo a la ley del estado,* contra toda infracción de que puedan ser objeto sin el debido procedimiento legal.''

Que la enmienda catorce no afecta a los derechos de los ciudadanos en lo que respecta a ellos entre sí, sino que es de aplicación solamente a la acción del Estado, lo tiene declarado el Tribunal Supremo de los Estados Unidos en los casos de *Virginia* v. *Rives,* 100 U. S., 313, y *United States* v. *Harris,* 106 U. S., 629.

Como se ve, el derecho que supone lesionado el demandante no puede derivarse de la Enmienda Catorce de la Constitución de los Estados Unidos.

Nuestra ley ''Definiendo derechos del pueblo'' aprobada en 27 de febrero de 1902, no contiene disposición alguna con

relación al derecho invocado por el recurrente y tampoco le reconoce ese derecho el Código Civil Reformado.

El artículo 354 de dicho Código define la propiedad en los siguientes términos:

"Artículo 354.—La propiedad es el derecho por virtud del cual una cosa pertenece en particular a una persona con exclusión de cualquiera otra.

"La propiedad concede el derecho de gozar y disponer de las cosas sin más limitaciones que las establecidas en las leyes."

    &#42;      &#42;      &#42;      &#42;      &#42;      &#42;      &#42;

Los demandados son dueños del establecimiento "La Mallorquina," según se afirma en la demanda, y ellos por tanto tenían el derecho como tales dueños de regular su administración en la forma que estimaran más conveniente y beneficiosa a sus intereses, sin más limitaciones que las establecidas en las leyes, y en su consecuencia podían admitir o no en él a individuos de la clase de color como el demandante, por no existir ley alguna que coartara semejante facultad.

No negamos ni podemos negar que, atendido el carácter del establecimiento de los demandados, la Legislatura de Puerto Rico tiene derecho a reglamentarlo o intervenirlo, pero mientras no exista la reglamentación, el derecho de propiedad de los demandados, tal como lo define el Código Civil, no está limitado o restringido en favor del demandante. El poder judicial no puede suplir la acción del poder legislativo imponiendo a los demandados condiciones que la Legislatura no ha tenido a bien imponerles, absteniéndose como se ha abstenido de legislar sobre la materia.

No podemos reconocer al demandante un derecho que está en oposición con el amplio derecho de propiedad de que disfruta el demandado.

Pero es que la parte apelante alega que en el presente caso no se trata del derecho de propiedad, sino de una obligación que ha dejado de cumplir el demandado negándole sus servicios en el establecimiento, a lo que estaba obligado, incurriendo por tanto en la sanción que establece el artículo

1803 del Código Civil, según el cual el que por acción u omisión causa daño a otro interviniendo culpa o negligencia está obligado a reparar el daño causado.

El artículo 1803 que cita el apelante está comprendido en el Título XVI del Libro IV del Código Civil, cuyo título tiene por epígrafe ''De las obligaciones que se contraen sin convenio,'' y aquél artículo guarda relación con el 1056 del mismo código, el cual establece que las obligaciones nacen de la ley, de los contratos y cuasi-contratos y de los actos y omisiones ilícitos o en que intervenga cualquier género de culpa o negligencia.

Por lo que toca a las obligaciones derivadas de culpa o negligencia el ilustrado comentarista Sr. Manresa describe su fundamento en los siguientes términos al comentar el artículo 1902 del Código Civil Español equivalente al 1803 del Revisado:

''Fundanse dichas obligaciones en un principio indiscutible de justicia, reconocido por todas las legislaciones y sancionado por el primero de los artículos de este capítulo, según el que todo agravio todo daño, o todo perjuicio que reciba una persona en sus derechos, ya sea por acción ya por omisión, crea una relación jurídica de la que se deriva el derecho que tiene el agraviado a ser indemnizado, y la obligación consiguiente por parte del agraviante.'' Manresa, Comentarios al Código Civil, tomo 12, página 595.

La acción u omisión a que se refiere el artículo 1803 tiene que ser lesiva de un derecho y el derecho del demandante a entrar y ser servido en el café ''La Mallorquina,'' no ha sido reconocido por el Código Civil ni por otra ley alguna vigente en Puerto Rico.

No se trata en el presente caso de un derecho a la vida, a la libertad o a la propiedad, que por sí y sin necesidad de ley alguna son derechos naturales, fundamentales e inherentes al hombre, sino de un derecho de igualdad de razas que depende en general del estado social predominante y de la voluntad exclusiva de los ciudadanos, interin por modo imperativo no se declare ese derecho por la ley. Mientras

no exista tal ley, es necesario reconocer completa libertad de acción tanto en las relaciones sociales como en la esfera de los negocios, y así como a ningún ciudadano se le puede obligar a tratar con otro que no sea de su agrado, tampoco a los demandados se les puede obligar a prestar sus servicios al demandante en un café sometido a su régimen y gobierno, sin más aspiración que la de obtener el mayor número posible de utilidades y beneficios.

No hay ley alguna en Puerto Rico que reconozca al demandante el derecho que invoca, y conste que las obligaciones derivadas de la ley no se presumen, según el artículo 1057 del código. Tampoco existe entre demandante y demandado relación alguna contractual o cuasi-contractual de que puedan derivarse los perjuicios que reclama el demandante. El hecho alegado como originario de la indemnización no es delictivo por no estar comprendido en el Código Penal, y por tanto en ese concepto no apareja responsabilidad civil alguna. La culpa o negligencia invocada por el recurrente como causa de su derecho, según hemos dicho ya, no determina en el presente caso la responsabilidad reclamada por el demandante.

En un número de Estados existen "civil rights acts" o estatutos para la protección de todos los ciudadanos en sus derechos civiles y legales, siendo su objeto principal conferir a todas las personas dentro de la jurisdicción del Estado, sin distinción de color o raza, el derecho a gozar plena e igualmente de todas las comodidades, ventajas, facilidades y privilegios en las posadas, restaurants, casas para comer, barbería, medios de conducción por mar o tierra, teatros, y en todos aquellos otros sitios públicos de comodidad y recreo, sujeto dicho derecho solamente a las condiciones y limitaciones establecidas por la ley y aplicables por igual a todos los ciudadanos, confiriéndose además en estos estatutos un derecho de acción por la violación de cualquiera de sus disposiciones al negar a un ciudadano el pleno goce de cualquiera de las comodidades enumeradas o al incitar tal negativa, a menos que sea por razones igualmente aplicables a todos

los ciudadanos, sin distinción de raza o color. 7 Cyc., 165, 166.

Como muy bien dice el juez en su opinión, cuando la Legislatura de los Estados ha puesto en vigor estos preceptos expresando claramente su voluntad, es porque creyó necesario hacerlo para la garantía de todas las personas dentro de su jurisdicción en el pleno goce y disfrute, sin distinciones de ninguna clase, de los derechos protegidos y amparados por dichas disposiciones, y esto demuestra que en ausencia de una ley que ponga de manifiesto la intención de la Legislatura creando y concediendo el derecho, éste no tiene existencia legal.

Y para suplir una ley que no existe no nos es permitido acudir al artículo 7 del Código Civil como pretende el recurrente, pues si así lo hiciéramos invadiríamos las funciones del poder legislativo, exigiendo responsabilidades que ese poder no define y ordena por violación de derechos que tampoco reconoce.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.