FERNANDO J. CORTÉS, demandante y apelante, *v.* ADOLFO VALDÉS, demandado y apelado.

No. 5714.—*Sometido:* Febrero 2, 1932. *Resuelto:* Marzo 10, 1932.

*A. Rivera Zayas,* abogado del apelante; *F. Soto Gras,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Se trata de una acción de daños y perjuicios toda vez que se alegaba que Adolfo Valdés, presidente de Cortés & Segura, Inc., ilegalmente destituyó al demandante de su cargo, así como otras cuestiones que surgían de esta supuesta actuación ilegal. Los sucesos principales ocurrieron en el año 1925 y el demandado alegó que la causa de acción había prescrito de conformidad con el artículo 1869 del Código Civil, que lee en parte como sigue:

"Prescriben por el transcurso de un año:

"*       *       *       *       *       *       *

"2. La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en el artículo 1803 desde que lo supo el agraviado."

El demandante, por otra parte, alegó lo que equivale a una interrupción de la prescripción. Ambas partes están contestes en que la interrupción de la prescripción *vel non* es la única cuestión envuelta en el presente recurso.

El apelante demuestra que Cortés & Segura, Inc., instó un procedimiento contra él para recobrar la posesión de cierta propiedad; que la corte inferior resolvió esta cuestión a favor de dicha corporación; que esta corte en apelación revocó la sentencia y dejó al aquí demandante en po-

sesión de dicha propiedad o local. 40 D.P.R. 547. El apelante sostiene que no surgió claramente ninguna causa de acción en su favor hasta que su derecho fué determinado por la revocación de esta corte.

Convenimos con el apelado en que el fundamento de la acción era la destitución del demandante. Una causa de acción surgió inmediatamente en su favor por cualesquiera daños que él pudiera haber sufrido por su destitución, ya fueran directamente calculables o por los daños a su reputación en la comunidad.

Esta corte sugirió en su opinión que si los bienes tomados del aquí demandante no podían serle restituídos, él quizá tendría una causa de acción por daños y perjuicios. Pero esta corte no estaba considerando el momento en que surgió esta causa de acción. Si en 1925 se privó al demandante de la posesión de efectos o bienes sobre los cuales tenía el dominio o la custodia, él pudo haber radicado una contrademanda o un pleito directo para recobrar tal posesión o custodia.

Nos parece claro que ésta es una acción sobre indemnización de daños y perjuicios que en forma alguna está interrumpida por la actuación del demandado, y la prescripción del párrafo 2 del artículo 1869, *supra,* es aplicable.

Los casos de los Estados Unidos que comprenden impedimentos (*estoppels*) o actos que impiden litigios, no son aplicables.

*Debe confirmarse la sentencia.*