ANDRÉS OLMO, demandante y recurrente, *v.* YOUNG & RUBI-CAM OF PUERTO RICO, INC., demandada y recurrida.

*Número:* R-80-215 *Resuelto:* 10 de marzo de 1981

*Calderón, Rosa Silva & Vargas* y *David Rivé Rivera,* abogados del recurrente; *Laffitte & Domínguez* y *María Isabel García Vázquez,* abogados de la recurrida.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El demandante-recurrente, señor Olmo, fue empleado de la demandada-recurrida, Young & Rubicam of Puerto Rico, Inc., por espacio de varios años. El 14 de enero de 1977 Young & Rubicam despidió al señor Olmo al eliminar su plaza. El 4 de diciembre de 1978 el señor Olmo demandó a su patrono alegando que se le despidió por pertenecer a la raza negra. Reclamó daños bajo las disposiciones del Art. 2 de la Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. sec. 146) (¹) y del Art. 1 de la Ley Núm. 131 de 13 de mayo de 1943 (1 L.P.R.A. sec. 13) conocida como la Ley de Derechos Civiles de Puerto Rico. (²)

---

(¹) Este artículo provee, en parte:

"Todo patrono que despida, suspenda o discrimine contra un empleado suyo en relación a su sueldo, salario, jornal o compensación, términos, categorías, condiciones o privilegios de su trabajo, o que deje de emplear o rehúse emplear o reemplear a una persona, o limite o clasifique sus empleados en cualquier forma que tienda a privar a una persona de oportunidades de empleo o que afecten su status como empleado, por razón de edad, según ésta se define más adelante, raza, color, sexo, origen o condición social, ideas políticas o religiosas del empleado o solicitante de empleo: (a) incurrirá en responsabilidad civil. . . ."

(²) Este artículo dispone:

"(a) En Puerto Rico no se negará a persona alguna acceso, servicio e igual tratamiento en los sitios y negocios públicos y en los medios de transporte por cuestiones políticas, religiosas, de raza o color o por cualquiera otra razón no aplicable a todas las personas en general.

"(b) Será ilegal la publicación, circulación o distribución de toda

Young & Rubicam presentó una moción para desestimar la demanda sobre la base de que ésta estaba prescrita por haber transcurrido más de un año. El tribunal de instancia acogió el planteamiento. Acordamos revisar para aclarar cuál es el plazo prescriptivo aplicable en acciones de despido por discrimen racial basadas en las leyes citadas.

El recurrente alega que ninguna de las leyes en que funda su acción establece un plazo prescriptivo. Afirma que se debe acudir en consecuencia al plazo más análogo, que a su juicio es el término de tres años fijado por el Art. 29 (anteriormente el 32) de la Ley de Salario Mínimo, Ley Núm. 96 de 26 de junio de 1956 (29 L.P.R.A. sec. 246d(a)), [3] o al plazo de quince años que establece el Art. 1864 del Código Civil de Puerto Rico para las acciones personales que no tengan señalado término especial. La recurrida entiende que el plazo aplicable es el de un año dispuesto por el Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298, para exigir la responsabilidad civil por las obligaciones derivadas de culpa o negligencia.

■ Hemos resuelto que la prescripción es materia sustantiva y no procedimental, regida por los principios que in-

---

orden, aviso o anuncio tendiente a impedir, prohibir o desalentar el patrocinio de, o la concurrencia a los sitios y negocios públicos y los medios de transporte, por cuestiones políticas, religiosas, o de raza o color.

"(c) Ninguna persona que posea el derecho de vender, arrendar o subarrendar una vivienda, podrá negarse a conceder una opción de venta, a vender, arrendar o subarrendar dicha vivienda a cualquier otra persona o grupo de personas por cuestiones políticas, religiosas, o de raza o color.

"(d) Será ilegal la publicación o circulación de anuncios, avisos o cualesquiera otras formas de difusión, estableciendo limitaciones o requisitos en cuanto a afiliación política, ideas religiosas, o en cuanto a raza o color, como condición para la adquisición de viviendas, o para la concesión de préstamos para la construcción de viviendas.

"(e) Ninguna persona natural o jurídica que se dedique a conceder préstamos para la construcción de viviendas podrá negarse a prestar dicho servicio a cualquier otra persona o grupo de personas por cuestiones políticas, religiosas, o de raza o color."

[3] Véase también, al mismo efecto, el Art. 1867(3) del Código Civil, 31 L.P.R.A. sec. 5297(3).

forman el Derecho civil. (⁴) *Febo Ortega* v. *Tribunal Superior*, 102 D.P.R. 405, 407 (1974). En Derecho civil, como en muchos otros sistemas jurídicos, se reconoce el problema del silencio de la ley y se incluyen disposiciones expresas en los códigos o se desarrollan principios en la doctrina o la jurisprudencia para atenderlo. Véanse los Arts. 4 y 19 de nuestro Código Civil, 31 L.P.R.A. secs. 4 y 19. El empleo a estos fines de analogías es conocido en el Derecho civil español y otros. Esta técnica tiene por efecto necesariamente la dilatación de disposiciones específicas de ley. Tal ha sucedido con el Art. 1.968 del Código Civil español, de texto idéntico al 1868 nuestro, 31 L.P.R.A. sec. 5298. El Art. 1.968 dispone:

> Prescriben por el transcurso de un año:
> 1.° La acción para recobrar o retener la posesión.
> 2.° La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en el artículo 1.902, desde que lo supo el agraviado.

A pesar de la referencia expresa al 1.902, el equivalente de nuestro 1802, es sabido que la prescripción extintiva de un año se ha hecho extensiva a otras acciones indemnizatorias de naturaleza similar, siempre que sus efectos resarcitorios no se rijan por leyes especiales. Manresa, *Comentarios al Código Civil Español*, 6ta ed., Madrid, Ed. Reus, 1973, T. XII, pág. 1196; Scaevola, *Código Civil*, Madrid, Ed. Reus, 1965, T. XXXII, Vol. 2, pág. 879.

Varios códigos, anteriores y posteriores al nuestro, se refieren directamente al papel del pensamiento analógico en el derecho. El Art. 10 del Código Civil portugués de 1966 dispone, por ejemplo:

> 1. Los casos no previstos por ley se regularán por la norma aplicable a los casos análogos.

---

(⁴) Véanse los Arts. 1840 a 1874 de nuestro Código Civil, 31 L.P.R.A. secs. 5261–5304.

2. La analogía existe cuando en el caso omitido proceden las razones justificativas de la reglamentación empleada en el caso previsto por ley.

3. A falta de caso análogo, la situación se resolverá conforme con la norma que el propio intérprete crearía, si hubiese de legislar de acuerdo al espíritu del sistema. (Traducción nuestra.) *Código Civil Português Actualizado,* Coimbra, Livraria Almedina, 1975, págs. 11–12.

El nuevo título preliminar del Código Civil español, cuyas bases se aprobaron en 1973, provee:

Art. 4.°
1. Procederá la aplicación analógica de las normas cuando éstas no contemplen un supuesto específico, pero regulen otro semejante entre los que se aprecie identidad de razón.

El texto citado clarifica la situación anterior, más bien que establece un nuevo principio. V. Torralba Soriano y otros, *Comentarios a las Reformas del Código Civil,* Madrid, Ed. Tecnos, 1977, Vol. 1, págs. 198–203. Los precedentes en derecho comparado, que se remontan al código austríaco de 1811, son amplios. Torralba Soriano, *op. cit.,* págs. 196–98.

Este Tribunal se enfrentó por primera vez al problema de la relación entre la acción por discrimen racial y el Art. 1802 en *Dottin v. Rigo & Co.,* 22 D.P.R. 405 (1915). No se le permitió el acceso a un establecimiento público en este caso a una persona "de color". No existía ley puertorriqueña al respecto, por lo que se invocó el Art. 1802 (entonces numerado 1803) del Código Civil y la enmienda decimocuarta a la Constitución de Estados Unidos. El Tribunal estimó entonces, en la tabla de valores de los tiempos, que la igualdad de razas no era un derecho fundamental, de mayor rango que el derecho de propiedad del comerciante demandado, por lo que se negó a extender las disposiciones citadas a los casos de discrimen racial, en ausencia de legislación específica al efecto.

■ El enfoque del Tribunal varió dramáticamente, antes de la aprobación de la Constitución del Estado Libre Aso-

ciado, en *Muriel* v. *Suazo*, 72 D.P.R. 370 (1951). Para este momento se había aprobado el Art. 1 de la Ley de Derechos Civiles (véase el segundo escolio de esta opinión), pero el Tribunal se hallaba ante la dificultad de que tal disposición creaba tan solo una acción de índole penal. El Tribunal acudió al procedimiento analógico y falló que existe en Puerto Rico la "acción civil de daños y perjuicios fundada en discrimen racial" (a la pág. 371). Expresamos en aquella ocasión:

La regla general, aun cuando hay autoridades en contrario, es que un estatuto protector de derechos civiles, no obstante contener una disposición de índole penal por su violación, no impide el ejercicio de una acción civil de daños y perjuicios, ya que el deber impuesto a las personas a quienes se aplica lo es para la protección y beneficio de otras personas, y la violación de ese deber es fuente de responsabilidad por cualquier daño causado como consecuencia de ella.

■ El caso presente es más sencillo que *Muriel*, ya que el Art. 2 de la Ley Núm. 100 de 30 de junio de 1959, según enmendado (véase el primer escolio de esta opinión), crea específicamente tanto una acción civil como otra penal por despidos fundados en discrímenes raciales. En vista de que el estatuto no fija el término prescriptivo, debemos utilizar el más análogo, lo que exige la aplicación de la regla de *Muriel*. *Muriel* reconoció correctamente la existencia en Puerto Rico de la acción de daños y perjuicios basada en el discrimen racial. *Muriel* no se limita a una modalidad del discrimen racial, la que fluye de la negativa a permitir el acceso a un establecimiento público. Es enteramente razonable entender que la regla que allí establecimos y el plazo de prescripción que de ella se deriva son igualmente aplicables, en ausencia de legislación en contrario, a otra modalidad de discrimen racial: la que motiva un despido. Recuérdese, además, que en *Cortés* v. *Valdés*, 43 D.P.R. 192 (1932), ya habíamos resuelto que la acción por despido ilegal, sin referencia específica al motivo en nuestra decisión, estaba sujeta al período prescriptivo de un año.

No le asiste razón al recurrente cuando reclama que el plazo prescriptivo aplicable es el trienal establecido por la Ley de Salario Mínimo (véase el tercer escolio de esta opinión). La disposición en que se funda el recurrente se refiere tan solo a la prescripción de las acciones en reclamación de salarios. No se hace referencia alguna al discrimen racial. La analogía más estrecha en este caso es claramente con la regla de *Muriel*. Lo que se solicita aquí son daños por discrimen racial culposo y no por salarios sin percibir.(⁵)

La doctrina de *Muriel* se ha interpretado correctamente por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico y por la Corte de Apelaciones para el Primer Circuito en casos de derechos civiles fundados y aun en los no fundados en el discrimen racial. *Rosado Maysonet* v. *Solís*, 409 F.Supp. 576, 580–81 (D.P.R. 1975); *Graffals González* v. *García Santiago*, 550 F.2d 687, 688 (1st Cir. 1977); *Ramírez de Arellano* v. *Alvarez de Choudens*, 575 F.2d 315 (1st Cir. 1978); *[Gual] Morales* v. *[Hernández] Vega*, 461 F.Supp. 656 (D.P.R. 1978), revocado en parte en 579 F.2d 677 (1st Cir. 1978); *Hernández del Valle* v. *Santa Aponte*, 440 F.Supp. 254 (D.P.R. 1977), revocado por otros motivos en 575 F.2d 321 (1st Cir. 1978). Estos casos admiten que el plazo prescriptivo aplicable en este tipo de pleito es el de un año. La Asamblea Legislativa de Puerto Rico, al enmendar la Ley de Derechos Civiles y la Ley Núm. 100 de 30 de junio de 1959, pudo alterar, mas no lo hizo, el plazo establecido en *Muriel*.

■ Razones de peso apoyan la aplicación en las circunstancias presentes del plazo prescriptivo de un año, en vez del de quince, en ausencia de la fijación de un plazo distinto por la Asamblea Legislativa de Puerto Rico. Respecto al término prescriptivo de un año provisto por el Código Civil español,

---

(⁵)Para las limitaciones al Art. 1867(3) del Código Civil, 31 L.P.R.A. sec. 5297(3), véase: L. Díez Picazo, *La Prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1964, pág. 208 *et seq*.

se ha escrito que la razón de la brevedad del plazo de un año reside, entre otros factores, en la necesidad de que el lapso de tiempo no confunda ni borre los esclarecimientos de la responsabilidad y las evaluaciones de su cuantía. Scaevola, *Código Civil*, Madrid, Ed. Reus, 1965, T. XXXII, Vol. 2, pág. 879. El término prescriptivo de las acciones indemnizatorias varía según la legislación de los distintos países, pero en gran número de ellos la tendencia es a acortar el plazo, al menos para ciertas acciones. Así vemos, por ejemplo, que en Inglaterra las acciones indemnizatorias prescribían a los seis años. "The Limitation Act, 1939", (2 & 3 Geo. 6 c. 21), sec. 2(1)(a), 13 *Halsbury's Statutes of England*, 2da ed., pág. 1160. Si la acción se entabla contra una entidad o funcionario público, el término se reduce a un año. Art. 21 de la ley citada, *op. cit.*, págs. 1180–81. El plazo general de seis años se ha rebajado a tres. "The Law Reform (Limitation of Actions, & c.) Act, 1954" (2 & 3 Eliz. 2 c. 36), sec. 2, 34 *Halsbury's Statutes of England*, 2da ed., pág. 464. En el caso de España, el término prescriptivo de un año se ha reducido a seis meses en las causas relativas a accidentes en la navegación aérea. M. Albaladejo, *Curso de Derecho Civil Español, Común y Foral*, Barcelona, Ed. Bosch, 1977, T. II, pág. 584. En Francia, las acciones por difamación prescriben a los tres meses. *Encyclopédie Dalloz*, "Prescription Civile", pág. 399.

Al igual que en el caso de las acciones indemnizatorias de tipo general, conviene que el subtipo de las acciones por violación de derechos humanos se incoe y dilucide con prontitud. La prueba es a menudo evanescente. Puede esfumarse con rapidez. No es vino que madure con los años. Además del interés de la parte agraviada, existe vital interés público de que estos pleitos, en bien de la salud colectiva, se ventilen con la debida celeridad. Así se ha reconocido por el Art. 26 de la Convención Europea sobre Derechos Humanos, Roma, 4 de noviembre de 1950, T.S. 71 (1953), al establecer un plazo prescriptivo de seis meses para su invocación en la Corte

Europea. Véase, sobre la naturaleza y modo de operación de este plazo: F. G. Jacobs, *The European Convention on Human Rights*, Oxford, Clarendon Press, 1975, pág. 241 *et seq.* Así se ha reconocido también en Estados Unidos, donde tradicionalmente se ha decidido que las acciones por violación de los derechos civiles son acciones de daños y perjuicios. *Johnson* v. *Railway Express Agency*, 421 U.S. 454, 456 n.2 (1974); *Graffals González* v. *García Santiago*, supra. Así lo establecimos hace años en *Muriel* y lo reafirmamos hoy aquí.

*Se confirmará la sentencia apelada.*