**Juan A. DAMIANI MONTALBAN,**
**et al., Plaintiffs,**

v.

**PUERTO RICO MARINE**
**MANAGEMENT, INC.,**
**Defendant.**

**Civ. No. 90–1426 GG.**

United States District Court,
D. Puerto Rico.

Sept. 19, 1991.

Harry Anduze Montaño, Guillermo Ramos Luiña, Pia Gallegos, Hato Rey, P.R., for plaintiffs.

Mayo & Mayo, Santurce, P.R., for defendant.

OPINION AND ORDER

GIERBOLINI, District Judge.

On April 17, 1991, we issued an Order dismissing this case on the ground that there was no diversity jurisdiction between the parties. We now proceed to vacate and set aside that Order and to consider the motion for summary judgment filed by defendant Puerto Rico Marine Management, Inc. ("PRMMI").

I. BACKGROUND

Plaintiff Juan A. Damiani Montalbán ("Damiani") worked for defendant PRMMI in various positions for almost ten years. In 1989, he was the Manager of Insurance in the Department of Risk Management. On March 10, 1989, the Manager of the Department of Loss Prevention and Claims, Fernando Guardiola López, informed plaintiff that effective March 24, 1989, plaintiff would be terminated. On March 13, 1989, the Vice–President of Finance & Administration at PRMMI, Enrique González, wrote plaintiff a letter confirming plaintiff's termination and advising plaintiff to contact "Rafael Reyes in PRMMI's Personnel Department to review [his] benefits and final pays ..." (Defendant's Motion for Summary Judgment, Exhibit 3).

On March 23, 1990, plaintiff sued PRMMI alleging that PRMMI had terminated plaintiff without just cause, a violation of Law 80 (29 L.P.R.A. § 185a),[1] and on the basis of plaintiff's age, a violation of Law 100 (29 L.P.R.A. § 146).[2] On August

---

1. Section 185a provides in pertinent part:
   Every employee in commerce, industry or any other business ... who is discharged from his employment without good cause shall be entitled to receive from his employer, in addition to the salary he may have earned:
     (A) the salary corresponding to one month as indemnity;

     (B) an additional progressive indemnity equivalent to one week for each year of service.
     . . . .

2. Section 146 provides in pertinent part:

31, 1991, PRMMI filed a motion for summary judgment arguing that plaintiff's age discrimination claim under Law 100 was barred by the applicable statute of limitations and since the court lacked jurisdiction over the Law 100 claim, it should also dismiss the wrongful discharge claim because that claim did not meet the requisite amount of $50,000.00 for diversity jurisdiction.

## II. DISCUSSION

■ The issue before the court is whether the statute of limitations for an age discrimination claim under Law 100 begins to run at the time the injured party receives notice of his termination or at the date of dismissal. PRMMI argues that the statute begins to run when the employee receives notice that he will be laid off. Plaintiff asserts that this issue has not been resolved by the Commonwealth courts and that the correct interpretation is that the statute begins to run at the date of dismissal. Plaintiff is mistaken on both grounds.

In *Olmo v. Young & Rubicam of P.R., Inc.*, 110 D.P.R. 740 (1981), the Supreme Court of Puerto Rico held that the one year statute of limitations of Article 1868 of the Puerto Rico Civil Code applied to Law 100 claims. In *Olmo*, the Supreme Court of Puerto Rico noted that the legislature could have revised the application of a one year prescriptive term for Law 100 when it last amended Law 100, but choose not to do so. *Id.* at 746. More importantly, the Supreme Court of Puerto Rico reaffirmed the existence of cause of action based in tort (daños y perjuicios) for civil rights violation. By conceptualizing a cause of action for civil rights violation as a tort action, the Supreme Court held by implication that the accrual doctrine for tort actions under Article 1868 applied to a Law 100 claim. Plaintiff has not cited any authority holding that a distinction for purposes of accrual under

Article 1868 has been (or for that matter, should be) made between Law 100 claims and other causes of action based in tort.

*Chardón v. Fernández*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981), undermines plaintiff's accrual argument even further. In *Chardón*, the Supreme Court held that a claim alleging dismissal from employment in violation of 42 U.S.C. § 1983 accrues on the date notice of the dismissal is given. Faced with this precedent, plaintiff argues that it is not controlling because "unlike [Section] 1983, which is a general statute proscribing discriminatory acts in almost any particular setting, Law 100 is a much more specific statute ..." (Plaintiff's Opposition to Motion for Summary Judgment at 7). Whether a statute prohibits specific or general discriminatory conduct has absolutely nothing to do with the question of when does the statute of limitations for a civil right violation begin to run. Plaintiff's argument is therefore irrelevant.

A better argument is that accrual under Section 1983 is a matter of federal law and therefore *Chardón* is not controlling with respect to when the statute of limitations for a Law 100 claim begins to run. *See generally* I M.A. Schwartz & J.E. Kirklin, *Section 1983 Litigation* § 12.4, at 684 (2nd ed. 1991). However, the Supreme Court of Puerto Rico has held that all causes of actions for employment termination accrue when the injured party has knowledge of them. In *Delgado Rodríguez v. Nazario de Ferrer*, 88 J.T.S. 63 (1988),[3] plaintiff was notified on March 19, 1981 that his termination from the Department of Anti–Addiction Services would become effective on April 15, 1981. On April 13, 1981, plaintiff brought an administrative claim before the Appellate Board of the Personnel System alleging, *inter alia*, discrimination on the basis of political affiliation. The Appellate Board ruled on March 7, 1984, that plaintiff had been illegally dismissed and ordered his restitution with back pay.

Any employer who discharges, lays off or discriminates against an employee ... on the basis of age ...:
(a) shall incur civil liability
(1) for a sum equal to twice the amount of damages sustained by the employee or appli-

cant for employment on account of such action;
....

3. Neither plaintiff nor defendant discussed or cited *Delgado Rodríguez.*

On March 1, 1985, plaintiff brought an action based in tort for his dismissal against the director of the Department of Anti–Addiction Services and other defendants. The director moved for dismissal arguing that plaintiff's action was time barred since plaintiff was notified of his dismissal on March 19, 1981. The plaintiff alleged that the accrual of his dismissal claim did not begin until the administrative proceedings had ended. The Supreme Court of Puerto Rico disagreed. Although it recognized that determining the exact moment when a plaintiff has actual knowledge of his dismissal could be a delicate task, the Court held that in *Delgado Rodríguez* the cause of action for plaintiff's illegal dismissal accrued on March 19, 1981, when he was informed of his termination. 88 J.T.S. at 5867. Therefore, the action was dismissed as time barred.

In this case, plaintiff was notified of his dismissal on March 10, 1989. Therefore, his causes of action expired on or about March 10, 1990. Since plaintiff filed the complaint on March 23, 1990, it must be dismissed as time barred.[4]

■ Alternatively, plaintiff asserts that the statute of limitations was tolled. Article 1873 of the Puerto Rico Civil Code states that:

Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor.

Plaintiff relies principally on a letter he sent to the President of PRMMI on July 26,

1989. But plaintiff's letter "did not make a 'precise and specific' claim for the relief ultimately sought." *Fernández v. Chardón*, 681 F.2d 42 (1st Cir.1982), *aff'd sub nom. Chardón v. Fumero Soto*, 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983).

In *Fernández v. Chardón*, a group of plaintiffs sued under Section 1983 alleging that they were demoted for political reasons. The plaintiffs argued that the statute of limitations (Article 1873) was tolled by letters sent protesting their demotions. The First Circuit held that letters expressing disagreement with the demotions and indicating that the demotion letters were referred to a teachers association for appropriate action did not constitute an extrajudicial claim of the creditor within the meaning of Article 1873. The statute of limitations for a Section 1983 claim was not tolled because

[t]he plaintiffs later sought reinstatement, back pay, actual and punitive damages, costs and attorney's fees, and a permanent injunction against defendants.... None of these claims were asserted in the letters; the letters allude only to necessary legal action.

681 F.2d at 53.

In the letter of July 26, 1989, plaintiff makes no statement which may be characterized as a reference to his Law 100 and Law 80 claims. Instead, plaintiff explains in detail why his dismissal will not save PRRMI any money and at the conclusion he recommends that PRRMI establish an Appeals Board for job-related disputes.[5] Therefore, the letter of July 26, 1989, did not toll the statute of limitations.

---

**4.** Plaintiff further alleges that the effects of the dismissal occurred on the date it became effective and therefore the claim accrued on March 24, 1989, the date of dismissal. While we cannot say that plaintiff's argument has no logic, it is in fact a reiteration of the losing argument in both *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) and *Delgado Rodríguez*, 88 J.T.S. at 5867. *See also Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) (alleged discriminatory denial of tenure accrued when the plaintiff was informed of dismissal, not when his employment terminated).

Plaintiff's other arguments are meritless and not worthy of discussion. To illustrate, plaintiff

asserts that in *Díaz Maldonado v. Lacot*, 89 J.T.S. 14 (1989), the Supreme Court of Puerto Rico hinted that "under the proper circumstances, it would hold that the running of the statute of limitations in law 100 claims starts with the dismissal." (Plaintiff's Opposition to Motion for Summary Judgment at 6). We have reviewed *Díaz Maldonado* and detect no such hint.

**5.** As defendant argues, plaintiff's Law 80 claim must be dismissed because the amount in controversy requirement for diversity jurisdiction is absent.

## III. CONCLUSION

Our Order of April 17, 1991 is hereby VACATED and SET ASIDE. In view of the foregoing reasons, defendant's motion for summary judgment is hereby GRANTED.

SO ORDERED.