Rodríguez García, Juez Ponente
*648 TEXTO COMPLETO DE LA SENTENCIA
La presente petición de certiorarifue presentada por International Textile Products, of Puerto Rico, Inc. y Tech Products of Puerto Rico, partes querelladas recurrentes, y nos solicitan la revisión de una Sentencia parcial emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina en el caso Civil Número FPE 95-0002.
El trabajador reclamante Castor Luis Nieves Morales instó demanda que al enmendarse contiene varias causas de acción, a saber:
(1) Acción sobre despido injustificado bajo la Ley 80 del 30 de mayo de 1976,29 L.P.R.A. secs. 85a - 185m.
(2) Acción sobre despido en violación a Ley Estatal Núm. 45 de 18 de abril de 1985, 1 L.P.R.A. sees. 501 - 511, la Ley Federal Núm. 101-336 contenida en 104 Stat. 327, 42 USC 12101 et seq, "Americans With Disabilities Act", o ADA, ambas sobre discrimen en el empleo por impedimento físico.
(3) Despido en violación a la Ley de Compensaciones por Accidentes del Trabajo (Conocida como la Ley del Fondo del Seguro del Estado), 11 L.P.R.A. secs. 1-40.
(4) Acción por violación a la Ley Federal Núm. 93-112, conocida como "The Rehabilitation Act of 1973", 29 USC 701 etseq. \
(5)Acción por violación a la Ley Federal Núm. 99-272, 29 USC 1161 et seq., conocida como el i "Consolidated Omnibus Reconciliation Act", conocido por COBRA.
En 2 de noviembre de 1995, la parte patronal querellada presentó una Moción de Desestimación y/o de Sentencia Sumaria Parcial solicitando la desestimación de todas las causas de acción cubiertas por leyes federales, o sea las acciones bajo el "Americans With Disabilities Act", el "Rehabilitation Act de 1973", y el ' "Consolidated Omnibus Reconciliation Act", o COBRA.
En su Sentencia Parcial el tribunal declinó desestimar la acción bajo el ADA (Número 2, ante), desestimó la acción bajo el "Rehabilitation Act de 1973" (Número 4, ante), y declinó desestimar la acción bajo el "Consolidated Omnibus Reconciliation Act" (Número 5, ante).
La Sentencia Parcial fue dictada en 14 de febrero de 1996 y se archivó en autos copia de su notificación en 23 de febrero de 1996.
Luego en 17 de abril de 1996 y notificada en 19 de abril, este Tribunal ordenó a la parte recurrida Castor Luis Nieves Morales a que en un término de veinte (20) días se expresara en torno al recurso de certiorari.
En 20 de mayo de 1996 la parte recurrida presentó ante este Tribunal una Moción Desestimatoria, la cual fue declarada Sin Lugar por este Tribunal mediante Resolución y Orden del 7 de junio de 1996. En dicha Resolución y Orden se le concedieron veinte (20) días adicionales a la parte recurrida para que expresara su *649 parecer en cuanto a la procedencia del auto solicitado.
En 11 de junio de 1996 las peticionarias presentan ante nosotros, una Moción en Oposición a Moción Desestimatoria, la cual resolvimos bajo el fundamento de que era académica, mediante Resolución y Orden del 24 de junio de 1996.
Luego en 2 de julio de 1996 la parte recurrida presenta una Moción Informativa donde explican la dilación en presentar su escrito ante este Tribunal. Ese mismo día 2 de julio de 1996, la parte recurrida presenta lo que titula Alegato de la Parte Recurrida.
Veamos primeramente el trasfondo fáctico de este caso.
I
El 11 de enero de 1995, Luis Castor Nieves, aquí recurrido, presentó una querella ante el tribunal de instancia, donde alegaba haber sido despedido de su empleo injustificadamente por la parte demandada, aquí peticionaria, International Textile Products of Puerto Rico y Tech Products of Puerto Rico.
Luego en 28 de febrero de 1995, el empleado presenta una querella enmendada en donde añade una nueva causa de acción al amparo del "Rehabilitation Act" de 1973, 29 U.S.C., Sec. 791, 793 y 794, además del "Americans With Disabilities Act", conocida como A.D.A., 42 U.S.C.A. sec. 12101-12213.
Entre las alegaciones contenidas en la querella enmendada, figuran que el empleado trabajó con la parte querellada, aquí peticionaria, como empleado regular a tiempo indeterminado desde el 23 de julio de 1970 hasta el 19 de mayo de 1993, fecha en que alega fue despedido injustificadamente de su empleo.
Además alega que en 17 de febrero de 1993 sufrió un accidente laboral, por lo que se encontraba bajo tratamiento en descanso ante el Fondo del Seguro del Estado de Puerto Rico (F.S.E.), desde ese día hasta la fecha en que fue despedido. En 19 de mayo de 1993 el F.S.E. refirió al empleado querellante para tratamiento mientras trabajaba y ese mismo día, el día en que es despedido, se reportó a su trabajo y le indicó al patrono la recomendación del F.S.E.
Se alega también en la querella enmendada que luego del despido, el querellante continuó recibiendo tratamiento médico en el F.S.E.
El obrero plantea en su querella enmendada las cinco causas de acción enumeradas anteriormente, pero en la que denomina SEGUNDA CAUSA DE ACCION, introduce dos causas, la del Fondo y la de ADA. Como indicamos anteriormente, la parte patronal-peticionaria, en 2 de noviembre de 1995 presentó una "Moción de Sentencia Sumaria Parcial y/o Desestimación" solicitando la desestimación de las 3 causas de acción fundadas en estatutos federales, y el empleado en 18 de diciembre de 1995 presentó una "Moción en Oposición a Moción, Desestimación y/o Sentencia Sumaria Parcial en Cumplimiento de Orden".
La parte peticionaria nos hace los siguientes señalamientos de error:

"La peticionaria entiende que el Tribunal Superior erró al no declarar Ha Lugar la Solicitud de Desestimación de la causa de acción incoada en virtud de la ley estatal número 44 del 2 de julio de 1985.

La peticionaria entiende que cometió error el Tribunal Superior al no desestimar la causa de acción ejercitada por la Recurrida al amparo de la ley federal ADA."

II
La parte patronal recurrente ante nos, plantea que cometió error el tribunal de instancia al no desestimar dos de las tres causas de acción que pretendió se desestimaran en instancia, por el fundamento de prescripción de las acciones, a saber:
*650 Una, la Ley Núm. 44 de 2 de julio de 1985, que se refiere a protección a personas con impedimentos, y
Dos, la American With Disabilities Act (ADA), 29 USC 701, et seq. ■
Al analizar lo referente a la prescripción de acciones en el ámbito laboral, comencemos con el caso normativo de Olmo v. Young & Rubicam of P.R., Inc., 110 D.P.R. 740 (1981). Olmo demandó a su patrono Young & Rubicam, agencia de publicidad, alegando que fue despedido por pertenecer a la raza negra. Reclamó daños bajo las disposiciones del Art. 2 de la Ley Núm. 100 del 30 de junio de 1959 (29 L.P.R.A. see. 146 y ss.) y del Art. 1 de la Ley Núm. 131 del 13 de mayo de 1943 (1 L.P.R.A. sec. 13) conocida como la Ley de Derechos Civiles de Puerto Rico.
El patrono presentó una moción de desestimación fundada en que la demanda estaba prescrita por haber transcurrido más de un año del despido del empleado. El foro de instancia acogió esta moción, por lo que el empleado Olmo recurrió al Tribunal Supremo y éste sostuvo que no habiendo el legislador establecido un término prescriptivo para ejercitar una acción bajó la Ley Núm. 100 de 1959, el término prescriptivo aplicable por analogía era el de un año aplicable a las acciones por daños y perjuicios bajo el Artículo 1802, del Código Civil, 31 L.P.R.A. see. 5141, que establece el Artículo 1868 (2) del Código Civil, 31 L.P.R.A. see. 5298.
Más tarde, en el caso de Matos Molero v. Roche Products, Inc. _ D.P.R. _ (1993), 93 J.T.S. 6, Matos Molero presentó una demanda al amparo de la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. see. 146 et seq., contra su patrono Roche Products, Inc.
El tribunal de instancia mediante sentencia parcial desestimó la demanda por prescripción. Entendió este foro que al formular y tramitar un cargo bajo lo dispuesto en el Título VII de la Ley Federal de Derechos Civiles de 1964, 42 U.S.C.A. sec. 2000e et seq., (por discrimen por razón de sexo), ante la Comisión de Igualdad de Oportunidades en el Empleo ("Equal Employment Opportunity Commission" EEOC), no interrumpía el término prescriptivo de un año para incoar una demanda al amparo de la Ley Núm. 100, supra.
Resolvió el Tribunal Supremo, a la página 10318 que:
"Todos estos factores, unidos al interés apremiante de proteger al obrero contra el discrimen, nos llevan a concluir que el término prescriptivo de un año para presentar una demanda al amparo de la Ley Núm. 100, queda suspendido durante el procesamiento de un cargo ante la EEOC. Dicho término de un año comenzará nuevamente a decursar al darse por terminados los procedimientos ante la agencia." (Enfasis nuestro).
Luego en Vélez Rodríguez v. Pueblo International Inc.,_ D.P.R. _ (1994) 94 J.T.S. 37, Vélez Rodríguez empleado de Pueblo International Inc. presentó una reclamación contra este patrono, al amparo del Artículo 5A de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. see. 7.
Vélez Rodríguez alegaba que Pueblo se había negado a reinstalarlo en su empleo al cesar la incapacidad que le había ocasionado un accidente del trabajo; la demanda fue presentada treinta y dos (32) meses a partir de que el empleado demandante solicitara al patrono la reinstalación en el empleo.
El tribunal de instancia desestimó la demanda por prescripción, aplicando el término prescriptivo de un año, ya que entendía que era el término más análogo. Por ésto el empleado acude al Tribunal Suprerrto quien revoca la sentencia recurrida, diciendo a la página 11690:

"Cuando un empleado solicita reinstalación y no está presente alguna de las excepciones que permite la ley para no reinstalar a un empleado que es dado de alta por el F.S.E.; así como tampoco está presente alguno de los supuestos establecidos por la Ley Núm. 80, supra, considerados como justa causa para el despido, nos encontramos ante un despido injustificado.

Al tratarse de un despido injustificado, el término prescriptivo más análogo para solicitar los remedios que establece la ley es el trienal establecido por la Ley Núm. 80, supra, que regula el despido sin justa causa, el 
*651
cual dispone que los derechos que ésta concede prescriben luego de transcurridos tres (3) años de la fecha efectiva del despido. Artículo 12, Ley Núm. 80, supra 29 L.P.R.A see. 3851."

Finalmente, se resuelve en este caso que el término prescriptivo de tres años, comienza a discurrir desde el momento en que el empleado solicita la reinstalación y el patrono no lo reinstala.
En Rivera Flores v. Compañía ABC, _ D.P.R _ (1995), 95 J.T.S. 22, Rivera Flores demandó a su patrono Me Gaw of Puerto Rico, alegando que este último se negó a concederle un acomodo razonable en el lugar de trabajo a pesar de conocer que Rivera Flores tenía un padecimiento de la espalda.
Rivera Flores presentó la demanda al amparo del "Americans With Disabilities Act", 42 U.S.C., secs. 12101 et seq. conocida como A.D.A. Por su parte McGaw presentó una Moción de Desestimación bajo el fundamento de que el demandante no había agotado los remedios administrativos, dispuestos por la ADA y la Ley Federal de Derechos Civiles, 42 U.S.C.A., see. 1981 et seq. Dicha moción fue denegada en instancia, por lo que el patrono recurrió al Tribunal Supremo.
Dispuso en su sentencia el Tribunal Supremo, a las páginas 671 a la 672, que en Puerto Rico una persona con impedimento posee dos remedios contra actuaciones discriminatorias de un patrono, uno estatal, la Ley Núm. 44 y otro federal, la A D.A. Señala además, a la página 672 que "un empleado que presente una acción al amparo de la A.D.A., está obligado a agotar los remedios administrativos ante el Departamento del Trabajo, mientras que si elige el remedio provisto por la Ley Núm. 44, puede escoger entre tramitar su reclamación mediante la vía judicial directamente o presentar una querella ante las agencias administrativas facultadas para ello."
Finalmente, resuelve el Tribunal que no procedía la desestimación de la demanda, ya que los hechos alegados en demanda analizados de la manera más favorable al demandante, contenían una reclamación bajo la ley local y por tanto el demandante no tenía que agotar los remedios administrativos para poder presentar su reclamación ante el foro judicial.
HI
Pasemos ahora al análisis de los errores señalados por la parte peticionaria en este recurso.
En cuanto al primer señalamiento de error, alega la parte patronal peticionaria que la controversia es si la acción ejercitada por el empleado estaba prescrita a la fecha de presentación de la demanda.
La Ley Núm. 44 del 2 de julio de 1985,1 L.P.R.A. sees. 501-511, prohíbe el discrimen contra los impedidos. La letra de esta ley no dispone un término prescriptivo; sin embargo la Ley Núm. 105 del 20 de diciembre de 1991, 1 L.P.R.A. see. 511, llena ese vacío. Así lo resolvió nuestro Tribunal Supremo en Rivera Flores v. Compañía ABC, supra, a las páginas 671-672:
"El Artículo 13 de la Ley Núm. 44, supra, 1 L.P.R.A. see. 511, incorporó a dicho estatuto los remedios, facultades y procedimientos establecidos en la Ley Núm. 100 de 30 de junio de 1959, 29 L.P.R.A. see. 146 et seq. Es por esta razón que una reclamación al amparo de la Ley Núm. 44, supra, podrá tramitarse por vía judicial mediante acción ordinaria o mediante el procedimiento de querella de la Ley Núm. 100, supra, 29 L.P.R.A. sec. 129. Las agencias ante las cuales el empleado puede presentar una querella son el Departamento del Trabajo y Recursos Humanos y la Oficina del Procurador de las Personas con Impedimentos. Art. 13, Ley Núm. 44, supra, l L.P.R.A. see. 511. El Departamento del Trabajo ejerce jurisdicción sobre patronos privados y corporaciones públicas; mientras que la Oficina del Procurador de las Personas con Impedimento la ejercerá sobre las demás agencias gubernamentales." (Enfasis nuestro).
La sección 511 de la Ley Núm. 44 dispone, en lo pertinente, que "fijos remedios, facultades, autoridad y procedimientos establecidos en las sees. 146, 147, 147a, 148 y 149 del Título 29 estarán disponibles para el Secretario del Trabajo y Recursos Humanos y para cualquier persona que entienda que ha sufrido discrimen en el empleo por razón de impedimento en violación a las disposiciones de las sees. 501 et seq. de este título." Estas secciones del título 29, corresponden a la Ley Núm. 100 del 30 de junio de 1959.
*652 Por tanto si ya nuestro Tribunal Supremo resolvió en Olmo v. Young and Rubicam, supra, que el término prescriptivo para ejercitar una acción al amparo de la Ley. Núm.-100, supra, es de-un año, éste término también será de aplicación a las acciones bajo la Ley Núm. 44, supra.
También es cierto que el término prescriptivo de un año para presentar una demanda al amparo de la Ley Núm. 100, supra, queda suspendido durante el procesamiento de un cargo ante la EEOC y que el término comenzará nuevamente a correr al terminar los procedimientos ante la agencia. Matos Motero v. Roche Products, Inc., supra.
Veamos ahora si las comunicaciones que le cursó el Departamento del Trabajo a la parte peticionaria interrumpieron el término prescriptivo.
La demanda que origina esta controversia fue presentada en 11 de enero de 1995, mientras que el alegado despido ocurrió en 19 de mayo de 1993. En 14 de octubre de 1993 el Negociado de Normas del Trabajo del Departamento del Trabajo, cursó una carta dirigida a International Textile, Inc., donde solicitaban la reposición de empleo y sueldo de Nieves Morales, de acuerdo con lo dispuesto en el Art. 5-A de la Ley Núm. 45 del 18 de abril de 1935. Esta solicitud es reiterada más tarde, en 5 de enero de 1994, por el Negociado de Asuntos Legales de ese mismo Departamento del Trabajo. La parte recurrida, Nieves Morales, alega que mediante esas comunicaciones del Departamento del Trabajo, le informó a la parte peticionaria su interés en reclamar sus derechos y que existe un vínculo de identidad entre las acciones bajo la Ley Núm. 44 y 45. Sin embargo, aun cuando aceptáramos que estas comunicaciones interrumpieron el término, la última comunicación se cursó en 5 de enero de 1994 y no es hasta un año y seis días después, en 11 de enero de 1995 que se presenta la demanda.
Por tanto, aunque las intervenciones del Departamento del Trabajo en este caso interrumpieron el término prescriptivo, debido a que como resuelve Rivera Flores v. Compañía ABC, supra, es el Departamento del Trabajo la agencia con jurisdicción para ventilar querellas al amparo de la Ley Núm. 44, supra, entre, empleados y patronos privados, la demanda se presentó fuera del término de un año. Tiene razón la parte peticionaria; está prescrita la acción al amparo de la Ley Núm. 44, supra.
De otra parte, tenemos lo resuelto en Vélez Rodríguez v. Pueblo International Inc., supra, a los efectos de que si un empleado es dado de alta por el F.S.E. y no existe alguna excepción en ley para no reinstalarlo, sería un despido injustificado. Siendo un despido injutificado, el término prescriptivo sería el de tres (3) años. El empleado recurrido, Luis Castor Nieves puede utilizar lo resuelto en este caso para apoyar su reclamación de despido injustificado, bajo la Ley Núm. 80 del 30 de mayo de 1976, 29 L.P.R.A. see. 1851.
Sobre el segundo señalamiento de error, consistente en que el foro de instancia debió desestimar la causa de acción al amparo de la A.D.A., tiene razón la parte peticionaria.
Como vimos en el caso de Rivera Flores v. Compañía ABC, supra, un empleado que presente una reclamación invocando la A.D.A está obligado a agotar los remedios administrativos. En el caso que nos ocupa no hay prueba de que se hayan agotado los remedios administrativos para una reclamación bajo la A.D.A., por lo que procede desestimar esta causa de acción.
Por los fundamentos antes expuestos se expide el auto de certiorari, para modificar la sentencia parcial recurrida; se decreta la desestimación de la causa de acción bajo la "Americans with Disabilities Act", supra, e igualmente se decreta la desestimación de la reclamación al amparo de la Ley Núm. 44, supra.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Notifíquese por la vía ordinaria.
Aida Ileana Oquendo Graulau
Secretaria General
*653 ESCOLIOS 96 DTA 162
1. "PRIMERA CAUSA DE ACCION: .... Que la parte querellada le adeuda al querellante de epígrafe la indemnización establecida por la Ley 80 del 30 de mayo de 1976 (29 L.P.R.A. 185) para casos de despido injustificado, cuya compensación se estima en una mesada de $1,592.72 y una indemnización progresiva de $8,519.20.
SEGUNDA CAUSA DE ACCION:.... Que dicha acción constituye una violación al artículo 5(a) de la Ley Núm. 45 del 18 de Abril de 1935, según enmendada, 11 L.P.R.A. Secc. 7 y a la ley Núm. 44 del 2 de julio de 1985, 1 L.P.R.A. 501, conocida como "Ley contra el discrimen en el empleo de las personas con impedimentos".
TERCERA CAUSA DE ACCION:.... Que la parte querellada dio de baja al querellante de epígrafe del seguro médico al cual este [sic] estaba suscrito sin cumplir con lo dispuesto por la Ley Federal Consolidated Omnibus Budget Reconciliation Act of 1985, P.L. 99-272, adoptada el 7 de abril de 1986, 100 stat. 222, 26 U.S.C. Secc. 106 (b) 2(a). 20.
CUARTA CAUSA DE ACCION:.... Que la actuación de la parte querellada violenta las disposiciones del Rehabilitation Acíde 1973, 29 U.S.C., Secc. 791, 793 y 794, así como la American With Disabilities Act. (ADA)"
2. La sección 146 versa sobre el discrimen por razón de edad, raza, color, religión, sexo, origen social o nacional o condición social.
3. La sección 147 trata sobre el discrimen por razón de edad, raza, color, religión, sexo, origen social o nacional o condición social - discrimen por organización obrera.
4. La sección 147a dispone sobre el discrimen por razón de edad, raza, color, religión, sexo, origen social o nacional o condición social - aprendizaje, entrenamiento o reentrenamiento.
5. La sección 148 señala el discrimen por razón de edad, raza, color, religión, sexo, origen social o nacional o condición social - presunciones.
6. La sección 149 dispone sobre el discrimen por razón de edad, raza, color, religión, sexo, origen social o nacional o condición social - cumplimiento.