Manuel Díaz Collazo, peticionario, *v.* Cristino Bernazard, Secretario de la Cámara de Representantes, Eddie Padilla, Partido Nuevo Progresista y Lic. Gerineldo Barreto Pérez, Administrador General de Elecciones.

*Número:* MC-80-75    *Resuelto:* 31 de diciembre de 1980

*Pedro E. Ortiz Álvarez, José A. Andreu García, Guillermo Mojica Maldonado* y *José A. Nazario Álvarez,* abogados del peticionario.

RESOLUCIÓN

Vistos los escritos radicados por el peticionario, el Tribunal, en auxilio de su jurisdicción, suspende los efectos de la certificación expedida por la Comisión Estatal de Elecciones para el Distrito Representativo Núm. 12, hasta que la resolución de la Junta Revisora Electoral en el caso de impugnación sea final y firme.

Lo acordó el Tribunal y certifica el señor Secretario. El Juez Asociado Señor Martín emitió voto disidente. Los Jueces Asociados Señores Irizarry Yunqué y Negrón García no intervinieron. Los demás jueces se reservan el derecho de expresarse.

(Fdo.) Ernesto L. Chiesa

*Secretario*

—O—

Voto disidente enmendado del Juez Asociado Señor Martín.

San Juan, Puerto Rico, a 31 de diciembre de 1980

Un examen de la disposición legal pertinente de la Ley Electoral de Puerto Rico revela que no es procedente expedir

ningún remedio en auxilio de la jurisdicción del Tribunal en el caso de una impugnación por un candidato a representante a la Cámara de Representantes respecto a otro candidato que ha sido debidamente certificado como electo por la Comisión Estatal de Elecciones, por el mero hecho de haber radicado ante la Junta Revisora Electoral una acción de impugnación del resultado de la elección para el mismo puesto. Art. 6.015 de la Ley Electoral de Puerto Rico de 20 de diciembre de 1977 (16 L.P.R.A. sec. 3275).

La mencionada disposición legal preceptúa que la radicación ante la Junta de una acción de impugnación del resultado de una elección, no tendrá el efecto de impedir que la persona sea certificada como electa y tome posesión del cargo y desempeñe el mismo. Pero, en el caso de senadores y representantes, de haberse presentado a tiempo algún escrito de impugnación, el mismo precepto legal expresa que no se certificará la elección del candidato impugnado hasta que la Junta resuelva dicha impugnación, lo cual se hará no más tarde del día 1 de enero siguiente a una elección general.

Nótese que la Ley Electoral hace una distinción entre la impugnación de la elección de un representante o senador y la de una persona electa para cualquier otro cargo. En el segundo de los casos, la ley no fija límite para la resolución de la impugnación por la Junta Revisora. Más aún, provee que si la Junta no pudiera decidir cuál candidato fue electo, ordenará una nueva elección en el precinto afectado, la cual se celebraría de acuerdo con las normas reglamentarias que a tales efectos se prescriban.

Sin embargo, con respecto al cargo de representante o senador, prescribe que la impugnación deberá resolverse no más tarde del día 1 de enero siguiente a una elección general. Esto es así porque el término del cargo de legislador, por disposición constitucional, comienza el día dos de enero inmediatamente siguiente a la fecha en que se celebre la elección

general en la cual haya sido electo. Constitución del E.L.A. de Puerto Rico, Art. III, Sec. 8.

Es significativo que el artículo de la Ley Electoral que sigue al que fija la fecha límite para impugnar la elección reafirma la disposición constitucional que regula la impugnación de la elección de los miembros de la Asamblea Legislativa, al designar a la Cámara de Representantes como el único juez de la capacidad legal de sus miembros, de la validez de las actas y del escrutinio de su elección. Ley Electoral, Art. 6.016 (16 L.P.R.A. sec. 3276). Art. III, Sec. 9, Constitución del E.L.A. de Puerto Rico. A los fines de que la Cámara pueda entender en el proceso de impugnación, la Ley requiere a la Comisión Estatal de Elecciones poner a disposición de la Cámara todos los documentos y papeles relacionados con el distrito en controversia. *Ibid.*

Es evidente que habiéndose radicado la impugnación hace cuatro días, y teniendo el candidato impugnado hasta el día de mañana jueves 1 de enero para presentar su contestación al escrito del impugnador, resulta imposible que la Junta Revisora pueda ventilar la impugnación antes de la fecha límite de ley, o sea el 1 de enero de 1981.

Ya este Tribunal se pronunció en un caso reciente de impugnación de la elección de un miembro del Senado de Puerto Rico, en el sentido de que ese cuerpo legislativo goza de poder para ordenar el recuento de los votos emitidos en favor de los candidatos en pugna para determinar la elección del uno o del otro; que en el descargo de dicha función puede aprobar las reglas correspondientes, sujeto a las limitaciones y garantías que imponen la Constitución y las leyes del Estado Libre Asociado de Puerto Rico; y que, hasta tanto se determine finalmente quién obtuvo la mayoría de votos, el legislador tiene derecho a disfrutar de todas las prerrogativas de su cargo. *Santa Aponte* v. *Srio. del Senado*, 105 D.P.R. 750 (1977).

Ante la clara y expresa intención legislativa que requiere que la impugnación del resultado de una elección de un miem-

bro de la Legislatura sea resuelta no más tarde del día 1 de enero siguiente a una elección general, y considerando que en las circunstancias de este caso resulta imposible resolverlo dentro del término de ley, y considerando, además, que la ley y la Constitución remiten tales controversias a la Rama Legislativa en cuestión, sería improcedente dictar orden alguna que tenga el efecto de suspender la certificación de elección ya expedida por la Comisión Estatal de Elecciones al candidato Eddie Padilla. Por ello denegaría el recurso en auxilio de nuestra jurisdicción.

Este voto disidente enmendado deja sin efecto mi voto disidente anterior de esta misma fecha y lo sustituye *nunc pro tunc.*