JOSÉ ZAYAS GREEN, recurrido, *v.* GERINELDO BARRETO PÉREZ, recurrido, ROBERTO RODRÍGUEZ RODRÍGUEZ *v.* PARTIDO POPULAR DEMOCRÁTICO, recurrentes; JOSÉ J. RODRÍGUEZ FRANCO, recurrido, *v.* GERINELDO BARRETO PÉREZ, *v.* ÁNGEL LEÓN MARTÍNEZ, *v.* PARTIDO POPULAR DEMOCRÁTICO, recurrente; MANUEL DÍAZ MORALES, recurrido, *v.* GUDELIO DÍAZ MORALES, *v.* PARTIDO POPULAR DEMOCRÁTICO, recurrente; JOSÉ A. RIVERA DÍAZ, recurrido, *v.* PEDRO PADILLA y PARTIDO POPULAR DEMOCRÁTICO, recurrentes.

*Números:* O-81-3, O-81-4     *Resueltos:* 9 de enero de 1981

*Pedro Ortiz Álvarez, René Muñoz Padín, José Antonio García, Guillermo Mojica Maldonado, Carlos A. Ortiz Morales, José Ariel Nazario Álvarez, Eudaldo Báez Galib,* abogados del Partido Popular Democrático y de Roberto Rodríguez Rodríguez, Ángel León Martínez, Gudelio Díaz Morales y Pedro Padilla; *César R. Vázquez Díaz, Nelson Pagán Rodríguez, Alex González, Héctor Ramos, Mario Arroyo Dávila, Eileen S. de Zayas y Andrés Salas Soler,* abogados de José Zayas Green, José J. Rodríguez Franco, Manuel Díaz Morales y José Rivera Díaz.

PER CURIAM: Estos casos plantean una cuestión sencilla. Tras el conteo y recuento correspondientes, la Comisión Estatal de Elecciones certificó la elección de los señores Roberto

Rodríguez Rodríguez, Ángel León Martínez y Pedro Padilla como alcaldes electos de Barranquitas, Juana Díaz y Trujillo Alto, respectivamente. Los candidatos perdidosos impugnaron ante la Junta Revisora Electoral las certificaciones expedidas.([1]) La Junta suspendió los efectos de las certificaciones. Se ha recurrido ante este Tribunal de tal actuación.

La Ley Electoral, Ley Núm. 4 de 20 de diciembre de 1977 (16 L.P.R.A. sec. 3001 y ss.), provee clara contestación a los referidos recursos. Su Art. 6.015 (16 L.P.R.A. sec. 3275) dispone en parte:

> La radicación ante la Junta de una acción de impugnación del resultado de una elección, no tendrá el efecto de impedir que la persona sea certificada como electa y tome posesión del cargo y desempeñe el mismo. . . .

## I

La Comisión Estatal de Elecciones, una vez efectuado el recuento de las papeletas, actuó dentro de ley al expedir las certificaciones de rigor. Art. 6.011 (16 L.P.R.A. sec. 3271). No existe base estatutaria para sostener que la Junta puede suspender los efectos de esas certificaciones por el simple hecho de su impugnación. Art. 6.015, *supra*. El citado Art. 6.015, así como el 6.014([2]) y el 1.022,([3]) revelan que las personas certificadas deberán tomar posesión de sus cargos, pero

---

([1]) Los candidatos de Barranquitas y Juana Díaz no habían sido certificados por la Comisión al radicarse ante la Junta la impugnación del resultado de su elección, mientras que el candidato de Trujillo Alto ya había sido certificado al momento de su impugnación.

([2]) "Cualquier candidato que impugnare la elección de otro deberá presentar ante la Junta . . . un escrito exponiendo bajo juramento la razón o razones en que fundare el mismo . . . que, de probarse, bastarían para cambiar el resultado de la elección." Art. 6.014.

([3]) "En adición a cualesquiera otras facultades, obligaciones, y deberes dispuestos en esta ley o en sus reglamentos, la Junta tendrá las siguientes [facultades]: . . . (5) Investigar y resolver, en primera instancia, cualquier acción de impugnación de resultados de una elección, conforme a lo dispuesto por el artículo 6.014."

que la Junta conserva jurisdicción para la ventilación de las impugnaciones interpuestas.

Los tres candidatos que sostienen la validez de la actuación de la Junta apoyan su contención en la resolución de este Tribunal, en auxilio de su jurisdicción, que suspendió los efectos de la certificación de un representante. El argumento es inmeritorio. La Ley Electoral distingue meridianamente entre la certificación de los senadores y representantes y la de otras personas electas. Ordena el Art. 6.015, a continuación de la parte antes citada:

... En el caso de los Senadores y Representantes, de haberse presentado a tiempo algún escrito de impugnación, no se certificará la elección del candidato impugnado hasta que la Junta resuelva dicha impugnación. ...

## II

■ La controversia entre los señores Manuel Díaz Morales y Gudelio Díaz Morales sobre la alcaldía de Aguas Buenas presenta un cuadro distinto de hechos. La Comisión Estatal de Elecciones no ha certificado al candidato electo. El procedimiento se halla en una etapa previa. En tales circunstancias, no se ha activado la disposición correspondiente del referido Art. 6.015 que aplica a los candidatos a alcaldes, por estar aún pendiente ante la Comisión la determinación sobre la elección del candidato.

■ Por los motivos expuestos, y en el ejercicio de la facultad conferida por la Regla 50 de nuestro Reglamento, *se revocan las resoluciones de la Junta Electoral que suspendieron los efectos de la certificación de los señores Roberto Rodríguez Rodríguez, Ángel León Martínez y Pedro Padilla como alcaldes de Barranquitas, Juana Díaz y Trujillo Alto, respectivamente, y se confirma la resolución de la Junta en el caso de la alcaldía de Aguas Buenas, que ordena a la Comisión que no certifique como electo a ningún candidato a alcalde del Municipio de Aguas Buenas. En este caso, el actual incum-*

*bente permanecerá en su cargo como custodio del patrimonio municipal, hasta tanto recaiga resolución final.*

Se dictará sentencia de conformidad.

El Juez Asociado Señor Martín emitió voto explicativo.

—O—

Voto Explicativo del Juez Asociado Señor Martín.

San Juan, Puerto Rico, a 9 de enero de 1981

Al rechazar el Tribunal el argumento de los tres candidatos a alcalde que sostienen la validez de la actuación de la Junta, que deja sin efecto la certificación de elección de los candidatos del Partido Popular Democrático, basa su rechazo en la diferencia expuesta en la Ley Electoral entre la certificación de legisladores y la de los otros candidatos electos. A los fines de reiterar mi posición sobre la mencionada diferencia que surge del Art. 6.015 de la Ley Electoral, me permito remitirme a mi voto disidente enmendado de 31 de diciembre de 1980 en el caso de *Díaz v. Srio. Cámara de Representantes*, 110 D.P.R. 547 (1980), referente al Distrito Representativo Núm. 12, en el que sostengo que la diferencia mayor entre ambas clasificaciones estriba en que las impugnaciones de los candidatos a legisladores deben resolverse por la Junta Revisora Electoral no más tarde del 1ro de enero siguiente a la fecha de la elección general, mientras que para los otros candidatos a elección no hay fecha límite para su resolución, reteniendo la Junta jurisdicción sobre los trámites de impugnación, inclusive para ordenar una nueva elección en el precinto o precintos afectados, si no pudiere decidir cuál candidato fue electo.