AUGUSTO C. SÁNCHEZ FUENTES, candidato a la CÁMARA DE REPRESENTANTES por el DISTRITO 36 por el PARTIDO NUEVO PROGRESISTA, demandante y recurrente, *v.* MARCOS A. RODRÍGUEZ ESTRADA, PRESIDENTE de la COMISIÓN ESTATAL DE ELECCIONES, y OTROS, demandados y recurridos.

*Número:* MC-88-74     *Resuelto:* 1ro de enero de 1989

*Augusto C. Sánchez Fuentes, pro se*, recurrente; *Manuel D. Herrero*, abogado de Francisco González Rodríguez, Comisión Electoral del Partido Nuevo Progresista, recurrente; *Elliot Hernández Martínez*, abogado de Samuel Cepeda García, recurrido; *Julia M. Santiago De la Cruz*, abogada de la Comisión Estatal de Elecciones, recurrida.

## SENTENCIA

Vistas las comparecencias de las partes, de conformidad con las disposiciones de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. I-A, y en aras de la economía procesal, se expide el auto, se dicta sentencia que deja sin efecto la emitida por la Sala de Humacao del Tribunal Superior el 29 de diciembre de 1988 en el Caso Núm. CS-88–1727, *Augusto C. Sánchez Fuentes v. Marcos A. Rodríguez Estrada y otros*, y a los fines de que el tribunal de instancia pueda evaluar la impugnación, se concede al recurrente hasta el 9 de enero de 1989 a las 12:00 M. para que formule las enmiendas a su demanda que estime procedentes. Transcurrido dicho término, el tribunal de instancia procederá conforme a derecho.

El Tribunal entiende innecesario ordenar la paralización de la juramentación del recurrido Samuel Cepeda García en vista de lo resuelto en *Esteves v. Srio. Cám. de Representantes*, 110 D.P.R. 585 (1981).

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García emitió opinión concurrente y disidente.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

—O—

Opinión concurrente y disidente del Juez Asociado Señor Negrón García.

I

El jueves 29 de diciembre de 1988, a las 10:04 A.M., Augusto C. Sánchez Fuentes —aspirante por el Partido Nuevo Progresista (P.N.P.) al escaño representantivo Núm. 36— presentó en el Tribunal Superior, Sala de Humacao, una demanda jurada. En la misma impugnaba la certificación que iba a expedir la Comisión Estatal de Elecciones a favor de Samuel Cepeda García, candidato del Partido Popular Democrático (P.P.D.). Invocó la jurisdicción de dicho foro en el Art. 6.014 de la Ley Electoral de Puerto Rico, 16 L.P.R.A. ·sec. 3274, preceptivo del término y trámites que deben seguirse diez (10) días después de la certificación electoral. En síntesis, alegó la existencia de 543 votos sin adjudicarse, cuya mayoría la Comisión Estatal de Elecciones se proponía anular "sin notificar a los electores afectados y sin darle oportunidad de demostrar que tenían derecho al voto" (demanda, pág. 2) y que la Comisión Estatal de Elecciones ilegalmente le privó de una serie de votos. A base de unas proyecciones fundadas en los patrones de votación entre el electorado, expuso que la suma de esos votos no adjudicados podría variar el resultado de la elección.

Es un hecho no contradicho que, al presentar su demanda, la Comisión Estatal de Elecciones no había certificado oficialmente a Cepeda García como ganador. Esa certificación fue expedida el mismo jueves 29, horas más tarde. Al otro día, el 30 de diciembre, a las 11:31 A.M. Sánchez Fuentes presentó una moción que solicitaba del tribunal —a la luz de la difusión en los medios noticiosos de haber la Comisión Estatal de Elecciones expedido oficialmente la aludida certificación— que en auxilio de su jurisdicción y para evitar tornar

académica su impugnación, paralizara sus efectos. Aludió a la tardanza en que incurrió la Comisión Estatal de Elecciones al adjudicar el Distrito Núm. 36. En abono de su pedido, invocó a *P.P.D. v. Admor. Gen. de Elecciones*, 111 D.P.R. 199 (1981).

Así las cosas, el tribunal de instancia (Hon. Fernando Gierbolini, Juez), a las 12:50 P.M., se declaró sin jurisdicción para entender y considerar los méritos de la demanda. A juicio suyo, las alegaciones no cumplían con el requisito de una certificación *final*. Estimó que la aseveración referente a los 543 votos era de carácter especulativo e hizo mención al deber ministerial de la Comisión Estatal de Elecciones de computar y adjudicar todos los votos.

Inconforme, a las 4:58 P.M. de esa misma tarde Sánchez Fuentes presentó en este Foro apelativo una solicitud para que impidiéramos que Cepeda García jurara el cargo. Concedimos a la Comisión Estatal de Elecciones y a Cepeda García hasta ayer sábado para comparecer. Oportunamente éstos sometieron sus escritos. Ante la urgencia del reclamo, este Foro se constituyó y deliberó sus méritos. Concurrimos y disentimos de la sentencia emitida. Nos explicamos.

## II

La cronología fáctica y procesal refleja que erró el ilustrado foro de origen al declararse sin jurisdicción.

Las alegaciones juradas de Sánchez Fuentes en la demanda, de ser ciertas, exponían razones suficientes que podían cambiar el resultado de la elección. En esa etapa inicial demostró que ello era plausible. *Esteves v. Srio. Cám. de Representantes*, 110 D.P.R. 585, 590 (1981). A tal efecto, hizo alusión directa a que la Comisión Estatal de Elecciones se proponía anular la mayoría de unos 543 votos y no le adjudicó a su favor un sinnúmero de votos. Aunque originalmente adujo que la diferencia entre él y Cepeda García era de 142

votos, la certificación oficial revela que la diferencia real fue de 112 votos y no se contaron algunos votos.

Si bien al presentar su acción todavía la Comisión Estatal de Elecciones no había expedido la certificación, ésta lo hizo horas más tarde. Y, al otro día, Sánchez Fuentes pidió la paralización de los efectos de esa certificación. *A ese momento el tribunal no había actuado.* En consecuencia, al dictar su sentencia desestimatoria, no podía abstraerse de la alegación contenida en su moción, expositiva de que ya se había oficializado la certificación. Después de todo, próximo a cumplirse el año sin haber la Comisión Estatal de Elecciones expedido ese documento, ¿podía culparse al peticionario Sánchez Fuentes por acudir horas antes al tribunal?

## III

Con perspectiva de los días de fiesta, actuó diligentemente. Las comparecencias separadas ante nos de la Comisión Estatal de Elecciones y de Cepeda García no logran superar la suficiencia de las alegaciones de la demanda de impugnación no sólo en cuanto a la jurisdicción, sino a la paralización. Para desvirtuarla, ambos se fundamentan en que en la *certificación* se hizo constar que ante la Comisión Estatal de Elecciones no existían papeletas pendientes de adjudicar. La dificultad de este argumento es que está fundado en aserto un tanto confuso. El mismo señala:

> En esta certificación no se incluye el voto de _____ papeletas pendientes de adjudicación en la Comisión o de electores añadidos a mano que se encuentran pendientes de ser adjudicadas conforme a la Ley, antes de que finalice el Escrutinio General pero que por su cantidad no afectará el resultado expresado en esta Certificación. Certificación de 29 de diciembre de 1988, pág. 1n.

Su lectura refleja, primero, que esta certificación negativa no es incompatible con las alegaciones de Sánchez Fuentes de que se le anularon ilegalmente unos votos y otros

no le fueron adjudicados a su favor. Adviértase que en su radio de acción, el concepto de "adjudicación" por la Comisión Estatal de Elecciones implica anular papeletas. En otras palabras, el lenguaje en que la Comisión Estatal de Elecciones y Cepeda García fundan su contención de que se adjudicaron todas las papeletas, no desvirtúa necesariamente las alegaciones de Sánchez Fuentes. Y segundo, la certificación no desglosa cuántos votos fueron anulados. Ello realmente sitúa al contendiente derrotado en una situación difícil.

En estas circunstancias, pues, incidió en su sentencia el ilustrado foro de instancia al declararse sin jurisdicción. En este sentido, así lo reconoce la sentencia emitida hoy por este Tribunal que deja sin efecto la anterior.

## IV

Aclarado este extremo, reafirmamos la doctrina que propugna que "este Tribunal retiene jurisdicción para resolver las impugnaciones pendientes ante los organismos electorales y esta facultad *no puede coartarse hasta tanto se ejercite a plenitud, conforme lo ordena la Constitución*". (Énfasis suplido.) *Esteves v. Srio. Cám. de Representantes*, supra, págs. 588–589.

En lo concerniente al caso de autos, el ejercicio pleno de esta prerrogativa judicial, fiel a nuestra posición asumida en *Esteves v. Srio. Cám. de Representantes*, supra, págs. 595–598 —por su similitud básica— nos lleva a favorecer un decreto que disponga, en auxilio de esa jurisdicción, la suspensión de la certificación expedida por la Comisión Estatal de Elecciones para el Distrito Representativo Núm. 36 a nombre del candidato del P.P.D., Samuel Cepeda García, hasta tanto recaiga dictamen final y firme de la impugnación promovida por Sánchez Fuentes, candidato del P.N.P.

En consecuencia, disentimos de la negativa de este Tribunal a suspender los efectos de la certificación impugnada.

*Díaz v. Srio. Cám. de Representantes*, 110 D.P.R. 547 (1980). Ello priva al peticionario Sánchez Fuentes de toda la protección judicial a que es acreedor en esta etapa.