Liduvina **BORRERO–RENTERO,**
Plaintiff,

v.

**WESTERN AUTO SUPPLY
COMPANY, Defendant.**

No. 92–1693 (DRD).

United States District Court,
D. Puerto Rico.

March 12, 1998.

---

Sigfredo A. Irizarry, San Juan, PR, for plaintiff.

Mildred Caban–Flores, Goldman, Antonetti & Cordova, San Juan, PR, for defendant.

## AMENDED OPINION AND ORDER

DOMINGUEZ, District Judge.

In a prior Opinion and Order of September 26, 1996, (Docket No. 50), the court dismissed as untimely the federal causes of action under Title VII, 42 U.S.C. 2000e–2, alleging sex discrimination and/or sex harassment; the court further dismissed various local claims including the claim for libel; the court, however, maintained as not time barred under local law two incidents that qualified as potential discriminatory animus events under Anti Sex Harassment Laws (P.R. Laws Ann., tit. 29 § 146 et sec. And 155 et sec.).

Pending before the court are Defendant's second Motion for Summary Judgment, (Docket No. 57), and Plaintiff's Motion for Reconsideration, (Docket No. 66). Oppositions and replies have been filed as to said documents by both parties, (Dockets Nos. 58 and 62, Opposition to Summary Judgment, and Docket No. 67, Western Auto's Reply to Opposition to Summary Judgment and Opposition to Reconsideration).

Defendant Western Auto contends in its new Summary Judgment that the two surviving instances of discrimination should be dismissed. Plaintiff seeks the dismissal of two incidents: (1) the pat in the back with a "shopper"[1] by a co-worker to Plaintiff dated July 7, 1989; (2) the invitation made to Plaintiff by a manager (Vechioli) to set up a date with a Regional Manager, enticing Plaintiff to accept, thereby enabling her to get "whatever she wanted." Defendant alleges the first incident not to be sufficient at law because the same fails in the requirement of "severeness and pervasiveness," as well as the second incident because it fails to meet the required element of "tangible job detriment" and/or "receiving a job benefit." The court concurs in part and disagrees in part with Defendant's request.

On the other hand, Plaintiff requests reconsideration of the court's Opinion and Order of September 26, 1996, (Docket No. 50). Plaintiff basically requests that the suspension she suffered on May 21, 1990 should be considered a discriminatory animus event reviving the Title VII claim for sex discrimination and/or sex harassment under federal and/or local law. Said incident was a disciplinary action taken against Plaintiff for gifting a can opener to a friend without the employer's authority against written company policy. Plaintiff accepted this fact but alleged "the regulation of this store have(sic) been breached numerous times by different persons and I am the **only one** to whom the regulations have been applied." (Plaintiff Deposition, Ex. 6.) Plaintiff further requests that she be authorized to include, as part of her damages, the back pay for the can opener suspension since this matter is governed by the three-year period of limitations of wage claims. The court disagrees, but *sua sponte* issues an order to show cause to Defendant on another relevant matter.

In analyzing the pending motions, the court reminds the parties that the instant motions are examined under the summary judgment standard of Fed.R.Civ.P. 56(c), wherein the facts are examined in a "light that flatters, but does not impermissibly distort the non moving party's claims and indulg[ing] all inferences in favor of that party." *Martínez v. Colón,* 54 F.3d 980–82 (1st Cir.1995).

I.

## PLAINTIFF'S RECONSIDERATION

Plaintiff alleges that the can opener suspension incident constitutes a discriminatory animus incident. The court disagrees. In examining this matter, the court refers to the burden shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Mulero–Rodríguez v. Ponte, Inc.,* 98 F.3d 670, 673 (1st Cir.1996)("we apply the familiar burden shifting framework of *McDonnell Douglas Corp. v. Green* (citations omitted) to ADEA and Title VII claims").[2] Assuming that

---

1. A "shopper" is a newspaper insert that advertises special sales.

2. The burden shifting standard is used when the conduct scrutinized is not direct evidence of discrimination. *Chamberlin v. 101 Realty,* 915 F.2d 777, 782 n. 7 (1st Cir.1990). The suspension of Plaintiff is not direct evidence of discrimination. *Ayala–Gerena v. Bristol Myers–Squibb Co.,* 95 F.3d 86, 96 (1st Cir.1996) (stating that "direct

Plaintiff complies with the initial stages, the burden shifts to Western Auto to articulate a valid business reason for the suspension of work relating to the can opener matter. Western Auto complied by stating that Plaintiff violated a written rule in gifting a can opener. The burden then shifts back to Plaintiff to prove that the reason was false and but a pretext. Plaintiff failed to prove a pretext. Plaintiff merely alleged that she was the only person disciplined for said violation. Plaintiff neither proved or proffered any evidence that other males (sex discrimination) who violated the rule were not disciplined nor that any other employee male or female (sex harassment) who violated the norm was not disciplined. There is no doubt that Plaintiff included the allegation of the suspension as to the can incident in the EEOC complaint. Notwithstanding, the EEOC complaint letter, as well as Plaintiff's assertion, are merely conclusionary in nature.

At the summary judgment stage, Plaintiff is required "to prove" that Defendant's articulated reason is "false and but a pretext for discrimination." *Mulero Rodríguez,* 98 F.3d at 673. Since Plaintiff has failed to prove at the summary judgment level that the employer's reason is false, the court cannot consider the can incident culminating in Plaintiff's suspension as discriminatory in nature. Hence, Plaintiff's federal claim of sex discrimination and sex harassment under Title VII continue to be time barred because the acts on record of sexual discrimination occurred on April 8, 1988 and January 9, 1989, respectively, (request of promotions to the positions of appliance sales person and assistant manager) and the EEOC charge was not filed until May 22, 1990, outside the term of three hundred (300) days granted by statute to file the EEOC charge. *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *EEOC v. Commercial Office Products Company,* 486 U.S. 107, 110, 108 S.Ct. 1666, 1668–69, 100 L.Ed.2d 96 (1988). As to the sex harassment federal complaint, the same is also time barred because the last acts of discrimination occurred on May 31, 1989 (Vechioli set up of Jackson) and on July 7, 1989 (slap of Plaintiff on the buttocks by a coworker using a shopper) and, since the EEOC charge was not filed until May 20, 1990, it is late as to the three-hundred day time limit by eighteen (18) days.

 The can incident is insufficient under Puerto Rican law. In analyzing the discriminatory nature of said incident, the court is guided by the Supreme Court cases of *Narvaez v. Chase Manhattan Bank,* 120 P.R. Dec. 731, 1988 WL 580838 (1988); *García v. Cooper Lab.,* 120 P.R. Dec. 145, 1987 WL 448243 (1987); *Benítez v. Molinos De Puerto Rico, Inc.,* 114 P.R. Dec. 42, 1983 WL 204221 (1983), and the interpretation of said cases made by federal courts, *De Arteaga v. Pall Ultrafine Filtration Corp.,* 862 F.2d 940, 943 (1st Cir.1988); *Menzel v. Western Auto Supply Co.,* 848 F.2d 327, 330–31 (1st Cir.1988); *Domínguez v. Eli Lilly and Co.,* 958 F.Supp. 721, 741 (D.P.R.1997) (discussing the burden shifting under local law). Generally, "the employee carries the initial burden of presenting sufficient probative evidence that she or he was discharged without 'just cause'. This burden encompasses two requirements. The employee must show that: (1) he or she was actually or constructively discharged;[3] and (2) the discharge was without 'just cause'." *Eli Lilly,* 958 F.Supp. at 741 (citations omitted). Should the employee prove no "just cause," a presumption of discrimination is established. The presumption is controvertible. P.R. Laws Ann., tit 29 § 148. The employer must then produce evidence and persuade the court that the employee was dismissed (suspended) for a non discriminatory reason. *Benítez,* 114 P.R. Dec. at 51–53. In the instant case, Plaintiff failed to prove that her suspension was without "just cause." Plaintiff accepted having violated company rules but asserted, without producing any evidence thereof, that she was the only employee disciplined for said violation. Plaintiff never produced evidence to substantiate her allegation of being the only person so disciplined and hence was not able to prove that the employer did not have "just cause" for the disciplinary action. Hence,

---

evidence of discrimination is evidence which, in and of itself, shows discriminatory animus").

**3.** In the case of Plaintiff, the disciplinary action was not of discharge but of suspension.

the can opener gifting incident, under local law, fails as a discriminatory event.

Plaintiff further alleges that the case is governed by the three-year statute of limitations authorized for wage claims. *See* P.R. Laws Ann., tit. 29 § 246(d) and P.R. Laws Ann., tit. 31 § 5297. However, the Supreme Court has expressly held the contrary for discrimination law suits under Law 100, P.R. Laws Ann., tit. 29 § 146. *Olmo v. Young & Rubicam of Puerto Rico, Inc.*, 110 P.R. Dec. 740, 1981 WL 176523 (1981) (expressly holding that discrimination complaints sound in tort and therefore covered by the damages one-year statute of limitations and not the three-year period of wage claims). However, the can opener suspension is barred under local law, not because it is time barred, but because Plaintiff failed to comply with the required burden of proof.

■ Plaintiff further avers that the claim for defamation was interrupted by the administrative EEOC charge filed in May 22, 1990. The court disagrees. The EEOC charge makes no mention whatsoever of defamation or libel and, hence, the tolling is not effective because "identical causes of action" are required for there to be effective tolling. *Rodríguez Narváez v. Nazario*, 895 F.2d 38, 43 (1st Cir.1990); *Ramírez de Arellano v. Alvarez de Choudens*, 575 F.2d 315, 319, 320 (1st Cir.1978); *Fernández v. Chardón*, 681 F.2d 42, 49 (1st Cir.1982); *Díaz de Diana v. AJAS Ins. Co.*, 110 D.P.R. 602, 607–08 n. 1 (1980) (interruption of prescription is restrictively interpreted under local law).

■ Plaintiff, however, will be able to claim any and all mental distress and anguish suffered together with mental expenses incurred, as a consequence of the alleged sexual harassment suffered, including a double penalty provision authorized by local law. *García Pagán v. Shiley Caribbean, Inc.*, 122 P.R. Dec. (1988). *See* P.R. Laws Ann., tit. 29 § 146(a)(1), authorizing twice the amount of damages and similarly under Law 17 of April 22, 1988, P.R. Laws Ann., tit. 29 § 155j(1).

Other matters raised by Plaintiff in its motion of reconsideration are fully addressed in the curt's Opinion and Order of September 26, 1996, (Docket No. 50); the matter shall

not be reiterated herein because our opinion remains unaltered. However, the court issues an order to show cause to Defendant as to the inclusion of certain facts which may not be time barred under local law as serial violations under the doctrines of *Sabree v. United Bro. of Carpenters and Joiners*, 921 F.2d 396, 400 (1st Cir.1990) and *Jensen v. Frank*, 912 F.2d 517, 520–22 (1st Cir.1990). The Court explains.

■ A serial violation is defined as "a number of discriminatory acts emanating from the same discriminatory animus, each constituting a separate wrong actionable .... [At] least one act in the series must fall within the limitation period." *Sabree*, 921 F.2d at 400 (citing *Mack v. Great Atlantic Pacific Tea Co.*, 871 F.2d 179, 183 (1st Cir. 1989)). Once a single claim in the series falls within the limitation period, a plaintiff may "reach back" to other past acts, at least as "relevant background evidence." *United Air Lines Inc. v. Evans*, 431 U.S. 553, 553–58, 97 S.Ct. 1885, 1885–89, 52 L.Ed.2d 571 (1977); *Sabree*, 921 F.2d at 400 n. 9.

Since the court determines the events of June 31, 1989 as not being time barred (Vechioli's set up date for Jackson), as the serial event "within the limitation period," the events attributed to Vechioli occurring prior to June 16, 1989, but undated (speaking to Plaintiff about separating a room within the store with a bed for sexual release and the sexual advances to Plaintiff while dancing with Vechioli), should also be authorized as "discriminatory acts emanating from the same discriminatory animus." Said prior acts are to be authorized under local law, but not under federal law, because contrary to the federal claims, as to the local claim, "one act in the series ... falls within the limitation period." The court is, therefore, of the preliminary opinion that prior events suffered by Plaintiff attributed to Vechioli constitute serial violation under local law and are to be authorized before the jury at least as "relevant background evidence" under *Evans*, 431 U.S. at 558, 97 S.Ct. at 1889. **Defendant is, therefore, ordered to show cause within five days why Vechioli's conduct occurring prior to June 31, 1987 as serial violations should not be authorized.**

## II.

## DEFENDANT'S NEW SUMMARY JUDGMENT

Defendant alleges that no violation of law exists in the set up of a date made by Vechioli for Plaintiff with regional manager Jackson enticing Plaintiff to accept so that she could get "whatever she wanted." Defendant alleges that under the standard of Anti–Sex Harassment Law 17 of April 22, 1988, P.R. Laws Ann., tit. 29 § 155, incorporating the *McDonnell Douglas Corp. v. Green* standard, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, Plaintiff fails to comply with the required criteria that the submission of unwelcome advances was an express or implied condition for receiving job benefits. *Highlander v. K.F.C. Nat'l Management Corp.*, 805 F.2d 644, 648–49 (6th Cir.1986). The court disagrees. The condition of receiving or denying a job benefit can be express or "implied." The facts proffered, examined "in the light most favorable to the non moving party and draw[ing] all reasonable inferences in favor of the non moving party's favor," *Le Blanc v. Great American Insurance Co.*, 6 F.3d 836, 841 (1st Cir.1993), cert. denied 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994), indicate that if plaintiff submitted to the invitation she could get "whatever she wanted," which under the "implied standard" could be a promotion (Plaintiff had a few months prior thereto requested unsuccessfully a promotion for the position of assistant manager), incentives, etc. This matter is to be further examined by the jury, potentially considering other prior serial acts of sexual harassment denoting Vechioli's animus toward Plaintiff (statement to Plaintiff of separating a room with a bed for sexual release in the store and the sexual advances of Vechioli while dancing with Plaintiff). The court further notes that the matter of getting "whatever she wanted" is a subjective matter involving Vechioli's "motive" and/or "intent" when he made the statement. Summary judgment motions may be warranted even as to such elusive elements as to Defendant's motive and/or intent, when "the non moving party rests merely upon conclusory allegations, improbable inferences and unsupported speculation," *Santiago v. Cannon U.S.*, ___

F.3d ___ (1st Cir.1998) slip. Op. # 97–1665, February 20, 1998; *De Novellis v. Shalala*, 124 F.3d 298, 306 (1st Cir.1997); *Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 870–71 (1st Cir.1997). However, the general rule is that "summary judgment procedures should be used sparingly ... where motive and intent play leading roles." *Pullman–Standard v. Swint*, 456 U.S. 273, 287–88, 102 S.Ct. 1781, 1789–90, 72 L.Ed.2d 66 (1982); *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 895 (1st Cir.1988). Notwithstanding, given the factual scenario stated above, examined "in the light most favorable to Plaintiff," the record surpasses the standard of "conclusive allegations, improbable inferences, and unsupported speculations." *Rossy v. Roche Products, Inc.*, 880 F.2d 621, 624 (1st Cir.1989); *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

Defendant further alleges that the incident of the one time slap on Plaintiff's buttocks with a shopper by a non-manager coworker fails to be sufficiently pervasive to constitute an event of hostile environment under local law, *Rodríguez Meléndez v. Supermercado Amigo*, 126 P.R. Dec. 117, 1990 WL 710149 (1990). The court agrees. The incident does not involve a *quid pro quo* modality of sex harassment, since express or implied conditions of employment were not involved and Plaintiff was not subjected to a tangible job detriment. Id. The elements of hostile work environment must include conduct which is "severe or pervasive enough to create an objectively hostile or abusive work environment that ... a reasonable person would find hostile or abusive." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)(emphasis ours). Isolated incidents of hostile work environment fail to establish a violation of the law. *See Chamberlin v. 101 Realty*, 915 F.2d 777, 783 (1st Cir.1990), (holding that (a) a statement by a male supervisor that a female plaintiff had a "good body," (b) looking at the plaintiff from head to toe and stating "you look good in tight jeans. It shows off your butt"; (c) reiterating later "you look good in tight jeans," (d) still in another occasion while in a lunch meeting stating to Plaintiff

"I like my woman with good looks and brains," (e) at another lunch stating "my women are special I like to put them on a pedestal") were all insufficient at law to establish hostile environment. Isolated single incidents, while individually offensive, if not sufficiently pervasive, do not constitute hostile environment. *Morgan v. Mass. General Hospital*, 901 F.2d 186, 192–93 (1st Cir.1990) (purposely causing plaintiff to bump into defendant; "peeping" the plaintiff in the bathroom). The patting in the rear on two occasions (a more serious offense than the facts presented in the specific case at hand), coupled with other offensive conduct was found not pervasive enough to warrant a hostile environment conclusion. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 445 (7th Cir.1994). The court further notes that the offending employee apologized within a reasonable period, the company investigated and reprimanded the employee within one month, and relationships between Plaintiff and the employee returned to normal within a reasonably short time. The incident involving coworker David Rodríguez, the one time slap to Plaintiff's buttocks with a "shopper," is therefore not sufficiently pervasive to constitute a hostile environment discriminatory event and, hence, no proof of this matter is to be authorized at trial.

 Notwithstanding, all the quid pro quo facts attributed to Vechioli (room for sexual release; advances while dancing with Plaintiff; set up Plaintiff for a date with Jackson) may also be sufficient to comply with the hostile environment discrimination standard. *Chamberlin*, 915 F.2d at 782 ("sexual harassment under Title VII may be actionable as 'quid pro quo' harassment and as 'hostile environment' discrimination.")

### CONCLUSION

Plaintiff's request for reconsideration is **denied** as to matters requested. The court nevertheless *sua sponte* orders Defendant Western Auto Supply Company **to show cause within FIVE (5) days of this order** why the incidents of sexual harassment attributed to Manager Vechioli prior to June 16, 1989, should not be authorized as serial violations under local law pursuant to *Sabree*, 921 F.2d at 400.

Defendant's Second Motion for Summary Judgment, requesting that the incident of the set up of a date made by Vechioli for Plaintiff with regional manager Jackson enticing Plaintiff to accept so that she could get "whatever she wanted" be eliminated as a discriminatory animus event, is **DENIED**. The slap in Plaintiff's buttock with a "shopper" by a coworker fails to constitute hostile environment discrimination event because it is not sufficiently pervasive, and as such the Second Motion for Summary Judgment is granted in part.

IT IS SO ORDERED.